## TILL DECKERD v. THE STATE.

No. 5946.          Decided November 10, 1920.

**1.—Theft—Confessions—Arrest—Custody.**

Where, upon trial of theft, it appeared that defendant was at all times under suspicion and under investigation before the grand jury, and that on some of the occasions he was actually in custody and under arrest, all his admissions and confessions made during this time were not admissible in evidence, the same not having been made according to the statute as provided under Article 810, C. C. P.

**2.—Same—Custody—Question of Fact.**

Where, it became a question of fact whether at the time, when defendant made inculpatory declarations, he was in custody, the same should have been submitted to the jury for decision. Following Wood v. State, 22 Texas Crim. App., 431, and other cases.

**3.—Same—Withdrawing Illegal Evidence—Practice on Appeal.**

Where, upon trial· of theft the court admitted certain declarations of defendant which incriminated him, and thereafter withdrew them from the jury, but the record in the instant case was in such condition that this court is unable to say that the injurious effect produced upon the jury by such evidence was removed by the court's statement to the jury after they had heard it, same was reversible error   Following McCandless v. State. 42 Texas Crim. Rep., 59. and other cases.

Appeal from the District Court of Taylor.  Tried below before the Honorable W. R. Ely.

Appeal from a conviction of theft; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Kirby, King & Keeble,* for appellant.—On question of statements of defendant while under arrest: Herman v. State, 60 S. W. Rep., 766; Rice v. State, 179 id., 876.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was convicted of theft, and punishment fixed at confinement in the penitentiary for two years.

It was charged that ten dollars was stolen from McReynolds, and taken ''so suddenly as not to allow time to make resistance before the same was carried away.''  It was not claimed that appellant snatched the money, but he is held as a principal offender, the money having been taken by one Mayzone.  It was the State's theory that appellant and Mayzone were acting together, and that appellant induced the injured party to display ten dollars in money, which was taken from his possession by Mayzone.  The appellant's theory was that he and McReynolds made a wager, and each put money in the possession of Mayzone, and that the money was won by appellant. Mayzone and appellant were charged with the offense by separate indictments, but it seems were for convenience tried at the same time.

Some time after the offense was committed, the appellant was met by McReynolds and taken to the police headquarters, and placed in charge of an officer.  While he was in custody of McReynolds, and after he was placed in charge of the officer, he made certain statements which were introduced in evidence against him upon the trial. He was taken before the grand jury five separate times, and made various statements of fact which were also introduced in evidence against him.  While it is not made clear that on each of the occasions he went before the grand jury he was actually under arrest, we draw from the record the inference that he was at all times under suspicion and under investigation before the grand jury, and at least on some of the occasions he was actually in custody, under arrest.

All statements made by him were objected to by the appellant at the time they were offered, upon the ground that they were made under circumstances which brought them within the rule against the admission of confessions, in that part of them were made while the appellant was actually under arrest and in custody of an officer, and that all of them were made while the circumstances surrounding the appellant were such as to make it plain to him that he was under suspicion and under restraint of his liberty; that there was no warning given him; the statements were not reduced to writing and signed by him, nor were they brought within any of the exceptions named in Art. 810, C. C. P.

We think these objections were well taken as to all of the statements made by him, unless it be as to such as were made to McReynolds before he and the appellant reached the police headquarters. Whether he was in custody at that time seems to have been an issue of fact upon which the evidence was conflicting, the appellant's position being that McReynolds took him in custody by force, presenting a pistol. As we understand the record, McReynolds controverted the use of a weapon. This phase of the case would perhaps be more clear upon another trial, and there may be an issue of fact for the jury as to whether at the time mentioned he was in custody within the meaning of the statute. The decisions rendering his statements inadmissible against his objection, with the exception noted, are numerous. Wood v. State, 22 Texas Crim. App., 431; Simmons v. State, 79 Texas Crim. Rep., 341, 184 S. W. Rep., 226; Oliver v. State, 81 Texas Crim. Rep., 529, and authorities cited; Phillips v. State, 86 Texas Crim. Rep., 624, 219 S. W. Rep., 454.

The statements made by the appellant—some of them—were inculpatory, and were introduced by the State to incriminate him and to discredit his defense. After hearing them, the court instructed the jury that they were not to be considered. The subject of withdrawing evidence erroneously admitted is one upon which there may be found many decisions, and from them we think the rule may be stated that the error in admitting improper evidence may be generally corrected by a prompt and definite withdrawal by the court, and instruction to the jury to disregard it. Miller v. State, 31 Texas Crim. Rep., 636, and cases therein cited, also Rose's Notes on Texas Reports, vol. 5, p. 909. But this ruling is subject to the qualification that the withdrawal will not cure the error in the admission of testimony of a material character prejudicial to the accused on trial, and that if doubt is entertained it should be resolved in favor of the accused. Barth v. State, 39 Texas Crim. Rep., 386; 73 American State Rep., 941; Henard v. State, 46 Texas Crim. Rep., 93; Dimrey v. State, 41 Texas Crim. Rep., 273; McCandless v. State, 42 Texas Crim. Rep., 59. The state of the record in the instant case is such that we are unable to say that the injurious effect produced upon the jury by the evidence, which, under the statute Art. 810, C. C. P., should have

been excluded. was removed by the court's statement to the jury, after they had heard the testimony, that it should not be by them considered.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*