FRANK CARR v. THE STATE.

No. 6013.   Decided April 27, 1921.

1.—Intoxicating Liquor—Suspended Sentence—Practice on Appeal.

Where, upon trial of having in possession intoxicating liquor, defendant filed a plea for suspension of sentence, the conviction must be reversed because of the court's failure to submit the issue of suspended sentence.

2.—Same—Requested Charge—Possession—Declaration of Defendant.

Where, upon trial of having possession of intoxicating liquors in violation of the law, the evidence showed that defendant admitted the possession of the liquor and had disposed of some of it, there was no error in refusing a requested charged to acquit because the State had failed to prove that defendant's possession of the liquor was not for mechanical or other purposes.

3.—Same—Judgment—Sentence—Misnomer.

There is no such offense as a State-wide intoxicating liquor prohibition law, and defendant should not have been sentenced for such offense, but should have been found guilty of manufacturing, selling, etc., intoxicating liquor not for medicinal, mechanical, sacramental, or scientific purposes.

4.—Same—Suspended Sentence—Dean Liquor Law.

There appears nothing in the Dean Liquor act which would deprive the defendant of the right to a suspended sentence if the jury saw fit to recommend same, and a refusal to submit defendant's plea for suspended sentence was reversible error.

Appeal from the District Court of Jasper. Tried below before the Honorable J. T. Adams.

Appeal from a conviction of having in his possession intoxicating liquor, not for one of the purposes excepted in the statute; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*G. E. Richardson,* and *J. B. Forse,* and *W. A. Williams,* for appellant.—Cited Robinson v. State, 132 S. W. Rep., 944.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Jasper County of the offense of having in his possession intoxicating liquor, not for one of the purposes excepted by the statute, and his punishment was fixed at confinement in the penitentiary for a term of one year.

The reversal of this case being made necessary by the failure of the court to submit the issue of suspended sentence, we desire to call attention to one or two other matters in view of another trial. Appellant asked the court to instruct the jury to return a verdict of not guilty on the ground that the State had failed to prove that his possession of the liquor in question was not for mechanical, medicinal, sacramental or scientific purposes. We think this charge was properly refused, and that the evidence in this record abundantly shows that the possession of appellant, if any, was not for one of the excepted purposes. It appears that he was found in possession of two gallons of home-made whisky, and that he stated to the officers that he had gotten four gallons of same that morning, and had disposed of two gallons before night, and if the officers would let him alone he would dispose of the remainder and then let the whole proposition alone. This appears to us to amply justify the refusal of said requested instruction.

It appears from the sentence and judgment in this case that appellant was adjudged guilty of violating the *"State-wide intoxicating liquor prohibition law,"* and that he was sentenced for one year for such violation. We have no such offense as that mentioned. One convicted of any of the felonies made punishable under the provisions of the Dean Act (See Acts Second Called Session, Thirty-sixth Legislature, p. 228), should be adjudged guilty of manufacturing, selling, etc., intoxicating liquor not for medicinal, mechanical, sacramental or scientific purposes, and the judgment and sentence should specify the

particular one of said acts for which the accused has been prosecuted and convicted. Chapter 24, General Laws Fourth Called Session, Thirty-fifth Legislature, is denominated by some one who compiled the volume, as "State Wide Intoxicating Liquor Prohibition," but such naming was not the Act of the Legislature, and fits no offense.

We are at a loss to know just why the trial judge in this case refused to submit to the jury the issue of suspended sentence. It is provided by Article 865b, Vernon's P. C., that where a conviction of any felony in a District Court of this State occurs, except for murder, perjury, burglary of a private residence, robbery, arson, incest, bigamy and abortion, the court shall suspend sentence on application made in writing by the defendant, in manner and form as therein indicated, when the jury shall find that the accused has not been convicted of a felony, and shall recommend a suspension of the sentence. In the instant case it appears that when the case was called for trial appellant duly made affidavit to, and filed, his application for a suspended sentence; also that when the evidence was closed, appellant presented to the court his requested instruction in due form asking that the jury be told of his right to such suspended sentence, if they saw fit, to give him the benefit thereof; also there appears appellant's bill of exceptions duly approved to the action of the trial court in refusing to give said special instruction. There appears nothing in the Dean Act, supra, which would deprive appellant of the right to a suspended sentence if the jury saw fit to recommend same. If the learned trial judge was acting on the belief that this prosecution was under said Chapter 24, Acts Fourth Called Session, Thirty-fifth Legislature, supra, which forbids to one guilty of violating its provisions the benefit of suspended sentence, he was in error. If said law be not repealed by the Dean Act, an examination of its terms reveals that it does not make punishable the possession of intoxicating liquor.

The request of appellant should have been granted, and for the court's refusal to submit said issue this judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*