### O. A. Tonnahill v. The State.

No. 6382.    Decided October 19, 1921.

#### Intoxicating Liquors—Possession—Suspended Sentence.

Where, upon trial of having in possession intoxicating liquors in violation of the law, the defendant filed his plea for suspended sentence, and supported the same by legal evidence, whereupon the trial court declined to submit the issues to the jury, defendant duly excepting, and presenting a requested charge, the same is reversible error. Following Carr v. State, 89 Texas Crim. Rep., 245.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of a violation of the Dean Act; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Farmer & Farmer,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The indictment charged the offense of unlawfully possessing equipment for the manufacture of intoxicating liquor.

In due time the appellant filed his plea seeking a suspended sentence. Evidence that the plea was true was heard upon the trial. The court declined to submit the issue to the jury, and exception was reserved to the charge of the court upon that ground, and also to the refusal of the special charge properly presenting the matter. The statute, Article 865b, made it obligatory upon the trial judge, under the facts stated, to instruct the jury to determine whether his sentence should be suspended. This conferred upon the appellant a right which he has asserted in the manner prescribed by the statute

of the state and brought forward for review by procedure that demands consideration by this court. The right is a valuable one involving the privilege of having the jury determine whether the appellant should be confined in the penitentiary or given his liberty under the terms of the Suspended Sentence Law. It was one which the court, with the evidence before it, had no discretion to deny. Carr v. State, 89 Texas Crim. Rep., 245, 230 S. W. Rep., 405. Because of its denial, this court has no choice but to order the judgment of conviction reversed and the cause remanded for a new trial, which is accordingly done.

*Reversed and remanded.*