WILLIE ROBERTS, JR. v. THE STATE.

No. 6468. Decided January 11, 1922.

**Unlawful Possession of Intoxicating Liquors—Suspended Sentence—Charge of Court.**

Where, upon trial of unlawful possession of intoxicating liquors, evidence was introduced in support of defendant's plea for suspended sentence, and it

was shown without controversy that defendant had not previously been convicted of a felony in this or any other State, the court's failure to submit a charge thereon was reversible error. Following Carr v. State, 89 Texas Crim. Rep., 245.

Appeal from the District Court of Sabine. Tried below before the Honorable V. H. Stark.

.Appeal from a conviction of the unlawful possession of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Minton & Lewis,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful possession of intoxicating liquors; punishment fixed at confinement in the penitentiary for a period of one year.

The offense was charged to have been committed in September, 1920.

The appellant, following the procedure prescribed by statute, sought to have the jury determine, in the event of conviction, whether his sentence should be suspended. Evidence was introduced in support of the plea, and it was shown without controversy that appellant had not previously been convicted of a felony in this or any other State. The court, entertaining the view that the suspended sentence statute did not operate upon this character of cases, refused to submit that issue. This is complained of in due time and orderly way, and is properly brought here for review

The application of the suspended sentence law to this class of cases was considered in the case of Carr v. State, 89 Texas Crim. Rep., 245, 230 S. W. Rep., 405, and some subsequent cases, and the conclusion reached is that the issue should be submitted.

The State, through the Assistant Attorney General, concedes in the instant case that the trial court fell into error, which requires a reversal of the judgment. In this view we concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*