'LES CARTER v. THE STATE.

No. 8651. Delivered April 1, 1925.

1.—Transporting Intoxicating Liquor—Evidence—Impeaching—Improperly Admitted.

Evidence that the accused had been convicted in the Federal Court on a charge of transportation and possession of intoxicating liquor, was not admissible, unless it is further shown that such an offense was a felony, it not being one involving moral turpitude.

2.—Same—Charge of Court—On Impeaching Evidence—Error.

Where oral evidence that appellant had been charged with transportation and possession of intoxicating liquor in El Paso in 1920, was admitted, and denied by appellant as being true, it was error for the court to charge the jury that they might consider such testimony as affecting the credibility of appellant as a witness, no documentary evidence of a legal charge or conviction being introduced in evidence.

Appeal from the District Court of Wichita County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentary.

The opinion states the case.

*Davenport, Cummings & Thornton,* of Wichita Falls, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

According to the testimony of two witnesses introduced by the State, they observed an automobile in which Sprinkles and the appellant were riding, driven up to a point and stopped. The witnesses were officers and searched the car. While this was in progress the appellant jerked out of his pocket a quart bottle about half full of whiskey, threw it upon the concrete floor and broke the bottle. He then turned and hit Taylor who was standing by. There was another bottle of whiskey in the car which was seized by the officers.

According to the appellant's testimony, one Taylor had said that he wanted two cases of whiskey. Appellant told him that he knew of a man coming from whom the whiskey could probably be obtained. Later, while the appellant was standing upon the street, Sprinkles appeared in his car and was requested by the appellant to take him to the Wichita Wheel & Body Works, which seems to have been the place of business of Taylor. While talking to Taylor the arrest and seizure were made. Appellant said that he had not been in the car with Sprinkles upon that date; that he had not seen any whiskey there; that he had no whiskey in his pocket or elsewhere; that he carried none and that he did not break the bottle. He said that he did not know why he hit Taylor except that it made him angry and that he though Taylor was trying to get him in jail instead of somebody else.

A probition officer testified as a witness for the State that the appellant, in the year 1920, was caught in possession of a quantity of whiskey in the city of El Paso and was charged in the Federal Court with the unlawful possession and transportation of intoxicating liquor and entered a plea of guilty.

The jury was instructed upon the law of principals and informed in appropriate language that if Sprinkles was transporting intoxicating liquor, appellant's presence alone would not authorize his conviction as a principal, but that to justify the conviction of the

appellant, it would be necessary to prove that he was aiding in the transportation. A special charge given at the request of the appellant emphasized this point and made it clear to the jury that the appellant could not be convicted as a principal unless he consciously took part in the commission of the offense, and any reasonable doubt upon this subject should be resolved in his favor.

There are a number of bills of exception complaining of the refusal of other special charges. Some of them relate to the count in the indictment charging the possession of intoxicating liquor for the purpose of sale, whch was abandoned. One of them relates to a special charge which was given at the request of the appellant. The others are, in substance, but a repetition of the instructions given to the jury in the main charge and special charges requested by the appellant.

Several bills embrace exceptions to the court's charge. It appears from the accepted qualifications that the complaints were met by corrections in the charge in response to the exceptions. From our examination of the bills attacking the charge, we entertain no doubt that in submitting the issues to the jury, there were any errors committed unless it be in respect to the matters following.

The court, in its main charge, said:

"The State was permitted to introduce testimony that the defendant, in El Paso County, Texas, during the year 1920, was charged with the transportation and possession of intoxicating liquor. This evidece was admitted to be offered for the sole purpose of affecting the credibility of the defendant as a witness, if in your opinion it does affect his credibility, and such evidence is limited for such purpose, and cannot and must not be considered by you for any other purpose."

An exception was addressed to this charge upon the ground that the evidence was not available to affect the credibility of the witness for the reason that the offense was a misdemeanor and not a felony. Looking to the evidence upon which the charge was based, there is no suggestion that the purported transaction was other than a misdemeanor. The State's witness referred to only one transaction. The appellant denied his identity and testified that he had never been convicted of any offense in the Federal Court at El Paso. Under these circumstances, it occurs to us that the paragraph of the charge adverting to this testimony should, upon the request of the appellant, have been eliminated. The testimony to the effect that the appellant had possessed and transported intoxicating liquor in El Paso in 1920 and had been convicted of doing so, even if a felony, was in no event usable to affect his credibility unless the testimony of the State's witness to that effect was true. Whether it was true depended upon conflicting testimony. The State's witness testified that the transaction occurred and that appellant was the

identical person. The appellant denied his identity, and the matter was not pursued further by the State. In other words, no documentary evidence of a legal charge or judgment or conviction was introduced in evidence. Under the peculiar facts, it occurs to us that the court, if he was going to submit this matter to the jury, should have so framed his charge that the jury would understand that the impeaching fact relied upon by the State was that the appellant was charged with the offense named in the Federal Court in 1920, and not the mere fact that the witness testified that he had been so convicted. As framed, the paragraph of the charge was, in our opinion, calculated to prejudice the case of the appellant. The objection to the charge has been discussed as though the evidence in question was received without objection. If a proper bill of exceptions had been reserved, we would have been obliged to hold the evidence improperly received because not involving moral turpitude and not a felony under the Federal law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*