### ED CHANDLER v. THE STATE.

No. 9393. Delivered February 3, 1926.

Rehearing denied March 24, 1926.

1.—Transporting Intoxicating Liquor — Impeaching the Defendant— Offenses Too Remote—Not Admissible.

Where, on a trial for transporting intoxicating liquor, the State proved by appellant, on his cross-examination, without objection, that he had been formerly convicted of a felony, and after the question was answered appellant objected to it because the offense testified to occurred fourteen years prior to the trial. This objection was sustained and the court thereupon instructed the jury not to consider same. Under these facts no reversible error is presented.

2.—Same—Continued.

It is not permissible to impeach the defendant by proof of a remote charge, or conviction of crime, and it has been frequently held that

error in admitting proof of other offenses committed by defendant are not cured by withdrawing the illegal testimony from the jury, but where it has been so held, the testimony was objected to at the time, and **admitted** over such objections. See Bowers v. State, 71 S. W. 284; Wellinghousen v. State, 30 Tex. Crim. Rep. 626, and other cases cited.

ON REHEARING

3.—Same—Search and Seizure Law—Not Applicable.

On his motion for rehearing for the first time appellant seeks to invoke the law passed by the Thirty-Ninth Legislature, Chapter 49, forbidding the use of evidence which has been illegally obtained. The offense was committed, and the case tried, long before such law became operative, hence it has no application, and especially so in view of the record, which does not disclose by bill of exception or otherwise that the question was raised in the court below.

Appeal from the District Court of Polk County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Hill & Bathea* of Livingston, *John H. Mathis, Sr.* and *Heidingsfelder, Kahn & Branch,* of Houston, for Appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawfully transporting intoxicating liquor and the punishment is two years in the penitentiary.

The evidence is entirely sufficient to support the verdict and there are no complaints in the record at the charge of the court. The charge as given by the learned trial judge was peculiarly applicable to the facts of this case and is a model of brevity and clearness.

The only question necessary to consider is appellant's complaint with reference to proof by him while on cross examination that he had heretofore been indicted for a felony. The bill of exceptions shows that this question was asked and answered by the appellant before any objection was made. After it was asked and answered in the affirmative, appellant objected to the question and answer on the ground that it was too remote and the court overruled the objection at the time but subsequently when it was developed that the indictment referred to by the question was about fourteen years ago and counsel renewed his objection, same was sustained by the court

and the jury was instructed by the court not to consider the same. Appellant cites many authorities which hold that it is error to permit the state to impeach the defendant by proof of a remote charge or conviction for crime. Among those cited are Bowers v. State, 71 S. W. 284. Brown v. State, 120 S. W. 444. Vick v. State, 159 S. W. 50.

Appellant also correctly contends that it has often been held by this court that errors in admitting proof of other offenses committed by defendant are not cured by withdrawing the illegal testimony from the jury. Wellhausen v. State, 30 Tex. Crim. Rep. 626, 18 S. W. 300. Dimry v. State, 41 Tex. Crim. Rep. 273; 53 S. W. 853. Collins v. State, 171 S. W. 730.

It occurs to us however that the questions decided in the cases above cited are not applicable to this case. In each of the cases last cited, the record discloses that the testimony was objected to and appellant forced to answer the question over his objection. In this case the testimony was not objected to until the answer was made and the record affirmatively discloses that when appellant moved to strike out the testimony and it was brought to the attention of the court that the prior indictment was remote the court then sustained appellant's objection and instructed the jury not to consider it. Under these facts no reversible error appears.

Finding no reversible error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

HAWKINS, Judge.—For the first time in his motion appellant seeks to invoke the law passed by the 39th Legislature, Chapter 49, forbidding the use of evidence which has been illegally obtained. The offense was committed and the case tried long before such law became operative, hence it has no application.

We would call attention to the fact that this question was in no manner raised on the trial. The record is silent as to whether the officers did or did not have a warrant. Under these circumstances we could make no application of the law now sought to be invoked even if it applied. As a reviewing court we must assume that the trial court was correct in ad-

mitting evidence unless the contrary is made manifest by the party complaining.

The motion for rehearing is overruled.

*Overruled.*