JOHNSON v. STATE. (No. 12610.)

Court of Criminal Appeals of Texas. June 5, 1929.

State's Rehearing Denied Oct. 30, 1929.

Murchison & Davis, of Haskell, J. F. Weeks, of Odessa, and T. M. Milam, of Fort Stockton, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

J. D. Pickett, of Palestine, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is cattle theft; the punishment, confinement in the penitentiary for two years.

The issue of guilt was closely contested. The state relied largely upon the testimony of an accomplice. It was appellant's theory, supported by his testimony and that of other witnesses, that the accomplice had stolen a cow belonging to Edward McGriff and that thereafter he had sold the animal to appellant.

■■ Over proper objection the district attorney was permitted to elicit from appellant the fact that he had paid a fine of $50 in the federal court for possessing a pint of whisky. Appellant's counsel immediately moved the court to instruct the jury not to consider the answer of the witness. Later during the trial the motion was repeated. The court overruled both motions. After the testimony had been concluded, the court instructed the jury that they would not consider the evidence in question for any purpose. At the time appellant paid his fine in the federal court, the offense of possessing intoxicating liquor was not a felony. Moreover, it was not a misdemeanor involving moral turpitude. Carter v. State, 100 Tex. Cr. R. 95, 271 S. W. 629. Hence such evidence was not admissible to impeach appellant. Branch's Annotated Penal Code, § 169. The question is: Did the court's action in withdrawing the testimony from the jury cure the error? It is the rule that if the illegal testimony admitted over the objection of the accused was of a material character and was calculated to influence or affect the jury adversely to the accused, its withdrawal will not cure the error in admitting it. Branch's Annotated Penal Code, § 383. Admitting proof of other offenses committed by the accused is not cured by withdrawing the illegal testimony. Branch's Annotated Penal Code, supra. As stated before, the issue of guilt was closely contested. The illegal testimony was of a material character, and in our opinion was calculated to influence the jury to return a verdict against appellant. Hence the error is reversible.

For the error discussed, the judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. ■ Through some confusion in the terms of bill of exceptions No. 2, we were misled into believing that same showed an exception taken to the admission of testimony to the effect that appellant had been convicted in the federal court and given a fine of $50 for possessing intoxicating liquor, which would be but a misdemeanor not involving moral turpitude, and would therefore be inadmissible for the purpose of affecting the reputation of the accused as a witness. Said bill of exceptions in fact shows that same was taken to the fact that the court did not immediately grant a motion made by the attorney for appellant to strike said testimony from the record. The bill shows that the court did keep the matter under advisement for a time, but that at the conclusion of the testimony some few hours after the motion to exclude was made, the court did then instruct the jury not to consider said testimony. We are not inclined to believe that the action of the court in this regard was erroneous, at least to such an extent as to call for a reversal.

However, upon further inspection of this record we are of opinion that a judgment of reversal should have been ordered. The testimony relied upon by the state appears in such unsatisfactory condition as that we are unwilling to let the judgment of conviction stand upon same in its present condition. There is testimony in the record suggesting the fact that appellant had been unlawfully tampering with other people's cattle, and this suggestion may have contributed strongly to the conclusion of guilt reached by the jury.

■ The alleged stolen animal was unquestionably butchered and its meat and hide sold by the appellant. He was assisted in the butchering by one Lummie Booth, who went with him to the place where the meat and hide were sold to Mr. Rogers. Booth was a witness for the state and admitted on cross-examination that at said time and place appellant paid him $12 which he received from Mr. Rogers. Appellant introduced a witness who testified that he was present at the time of the sale and heard Johnson tell Rogers that he wanted $12 at the time with which to pay Lummie Booth for his cow, and that when Johnson gave Booth the $12 he told him it was in part payment for his cow. Another witness testified that Lummie Booth told him that he had informed Johnson that the cow belonged to him and his father. It further appears that 'Lummie Booth told another witness who saw him after the trial that Johnson thought he was killing and selling a cow that belonged to Booth and his father. It also appears that Booth made an affidavit to this effect, although later he gave to the state a contradictory affidavit. Appellant took the stand and testified that he bought the alleged stolen cow from Booth upon Booth's statement that it belonged to him and his father. It seems the cow was driven for a couple of miles in the daytime, and passed houses of a number of neighbors of its alleged owner before it was butchered. We are in such doubt as to the guilt of appellant under these facts as to be unwilling to let the judgment stand. The state may be able to strengthen its case upon another trial.

The state's motion for rehearing will be overruled.