JOHNNIE MELTON v. THE STATE.

No. 14750.   Delivered May 11, 1932.
Reported in 49 S. W. (2d) 803.

The opinion states the case.

*McFarlane & Dillard,* of Houston, and *G. G. Roane* and *W. I. McFarlane,* both of Richmond, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possession of intoxicating liquor for the purpost of sale is the offense; the punishment, one year in the penitentiary.

The facts, as reflected by the record, are in brief as follows: Appellant resided upon a tract of land in the western part of Fort Bend county belonging to the Melton estate in which the appellant owned an undivided interest. Appellant was engaged in farming as one of the tenants on said land. His brother, Burrell Melton, who was jointly indicted with the appellant, was also engaged in farming on said place, and he and the appellant jointly occupied a house together. The evidence showed that there were some other brothers likewise engaged in farming on portions of said place as tenants. On February 3, 1931, appellant went to the home of C. J. Ludwig, deputy sheriff, and informed the deputy sheriff that he, the appellant, had killed a negro at appellant's home that morning. The deputy sheriff advised appellant that it would be necessary to hold an inquest and sent for a justice of the peace to meet the appellant and the officer at the home of the appellant. The deputy sheriff thereafter accompanied the appellant to latter's home. Other officers went to appellant's home after having been informed of the killing. The officers found a dead negro under a shed near appellant's residence, and appellant claimed to have killed the negro because he was stealing his chickens. The evidence further shows that the officers also searched the premises of the appellant; that they had no search warrant, but upon a search of the field they found what they testified was part of a still, three of four hundred yards from the house occupied by the appellant and his brother. The evidence showed that the still was torn apart, and one

of the witnesses testified that at the time they found the still it could not have been used to make liquor. The testimony also showed that they found a quantity of mash in a field and also some 21 or 22 gallons of whisky.

The appellant denied knowing anything about the whisky and denied that it was his, or in his possession, and also testified that the written statement offered in evidence by the state as a confession of the appellant, to the effect that the whisky and still found by the officers were his, was not freely and voluntarily made but was by virtue of coercion and abuse on the part of the officers and because he was scared of them. Appellant also offered a number of witnesses who testified to his good general reputation.

Appellant objected to the admission in evidence of the finding of the intoxicating liquor, parts of the still, and the mash in the field because the search was made without a search warrant and upon the ground that the field in which the liquor was found was part of defendant's curtilage. It seems to be the appellant's contention that article 1, section 9, of the Constitution of Texas, which grants security of one's possessions from all unnecessary searches and seizures, and article 4, C. C. P. (1925), because it applies to the entire property under his control, was violated by the trial court when it admitted the evidence of the officers above related. The undisputed evidence in this case shows that the liquor and part of an old still were found several hundred yards distance from the residence where the appellant lived; that it was not found in any house or building being used for any purpose in connection with the residence of the appellant. It was, therefore, under the decisions of this court, not within the curtilage of the appellant. For that reason, the trial court did not err in receiving in evidence the testimony offered. See Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350; Worth v. State, 111 Texas Crim. Rep., 288, 12 S. W. (2d) 582; McIntyre v. State, 113 Texas Crim. Rep., 31, 19 S. W. (2d) 49.

Appellant also objected to the introduction of what was purported to be the written confession of the appellant in this case. The objection, as shown in the bill of exception, was for the reason that said alleged confession in writing was not a voluntary statement and was made under duress and compulsion. He further objected to the admission of same without the court first hearing the issue as to the admissibility of the confession. The bill further shows that the defendant requested the court to retire the jury and allow the defendant to first introduce evidence before the court alone as to whether or not the confession was voluntarily given by the defendant.

The confession offered in evidence was as follows: "I, Johnnie Melton, on this 7th day of February, 1931, after having been duly warned by R. A. Bassett, the person to whom this statement and confession is

made, that I now have a right to make a voluntary statement relating to the accusation brought against me, but that I do not have to make any statement at all; that any statement I make must be freely and voluntarily made, and that any statement I make can be used in evidence against me on the trial for the offense or offenses concerning which this statement and confession is made, without compulsion and persuasion desire to make the following voluntary statement, to-wit: 'That was my still and whisky that was found at my house.' "

This statement showed to have been signed by the appellant, Johnnie Melton.

This, being in conformity with the statutory requirements, entitled the confession to be offered in evidence. R. A. Bassett, the district attorney of Fort Bend county, before whom the alleged confession was made, testified, before the introduction of said purported confession, to the circumstances under which the confession was taken. Said testimony showed that appellant had been properly warned before said confession was taken and that it was freely and voluntarily made and signed by the appellant.

Appellant's bill of exception No. 8 shows that after the state had rested and after appellant had testified denying any knowledge of the liquor or still found by the officers, and after the witness P. A. Hamilton, the deputy sheriff, testified that he had the appellant, Johnnie Melton, over at the house under arrest at the time the liquor was found in the field and appellant had not been warned that any statements he might make could be used against him, that in rebuttal, the state, over appellant's objection, proved by the sheriff that appellant had confessed to him that the still and whisky belonged to appellant. The bill further shows that, according to the admission of the officers themselves, said statement or alleged confession was only made by the appellant after the officers had struck him over the head with a stick and a pistol in an effort to force him to admit that the still and liquor were his. The testimony, therefore, was inadmissible for any purpose, and the conduct of the officers having the appellant under arrest, in using the methods they did in forcing appellant to admit that he owned the whisky, cannot be too severely condemned.

The trial court, in a special charge to the jury after all the evidence had been concluded, instructed the jury to disregard said testimony. Ordinarily, the error in admitting improper evidence may be generally corrected by a prompt and definite withdrawal by the court and an instruction to the jury to disregard it, but this ruling is subject to the qualification that the withdrawal will not cure the error in the admission of testimony of a material character prejudicial to the accused on trial, and if doubt is entertained, it should be resolved in favor of the accused. See Dekerd v. State, 88 Texas Crim. Rep., 132, 225 S. W., 166. In discussing the effect of withdrawal of testimony of a material character preju-

dicial to the accused, Judge Lattimore, in the case of McIntosh v. State, 85 Texas Crim. Rep., 417, 213 S. W., 659, 661, said:

"Some of these matters were not permitted to be answered by the court, and some of them the jury were instructed not to consider; but, as has been often strongly put, the jury are but human, and such instruction is practically valueless, except possibly to preclude discussion of such matters. Impressions made on the mind can no more be erased by such instructions than the memory of a curse or a blessing can be torn out and thrust away by the effort of the bill."

This testimony was not only inadmissible but obviously prejudicial to the appellant. The issue of guilt was closely contested, and there was a serious issue raised as to the admissibility of the written confession. Neither the liquor nor the still was found in the actual possession of the appellant. The undisputed evidence showed that others occupied the premises jointly with the appellant. There was no evidence offered that the other persons occupying the premises were not in possession of the still and liquor found. We believe that the bill of exception manifests reversible error.

Other questions presented have been carefully considered and examined and do not, in our opinion, present such error as would call for a reversal.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.