### R. B. MORTON V. THE STATE.

No. 16164. Delivered December 20, 1933.
Reported in 66 S. W. (2d) 329.

The opinion states the case.

*Mathis & Caldwell, C. M. McFarland,* and *John M. Martin,* all of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is forgery; the punishment, confinement in the penitentiary for two years.

Appellant was the representative of a loan company engaged in making loans upon automobiles. For his services, he received a commission, usually about ten dollars. O. R. Tautenhahn, whose signature appellant is alleged to have forged, made an application, through appellant, for a loan on his automobile. The note and mortgage were drawn up in appellant's office, and forwarded to the loan company. The loan company issued a check for three hundred dollars, payable to Mr. Tautenhahn. Appellant received the check, endorsed Mr. Tautenhahn's name on the back thereof, and secured the three hundred dollars. The proof on the part of the state was to the effect that appellant endorsed the check without lawful authority.

Appellant testified that before delivering the check he saw the automobile upon which the loan was being made and decided that it was not of sufficient value to justify the loan. He asserted that he had the authority to determine whether the check should be delivered. He declared that he endorsed the check and placed the money in the bank to his credit for the purpose of returning it to the loan company in monthly payments. He explained that he did this because of the fact that he was responsible to the company for the carrying charge of eighty-six dollars, the amount of the note being three hundred and eighty-six dollars. He further testified that he had the authority from Mr. Tautenhahn to endorse the check. Again, he testified that he had no intention to defraud anyone. The testimony on the part of the state and appellant showed that

several monthly payments had been made to the loan company by appellant.

An agent of the loan company testified that appellant was not liable for the eighty-six dollars representing the carrying charge. He said that if appellant had returned the check to the company with the information that the loan was not considered safe the mortgage would have been released and the loan cancelled.

While testifying as a witness in his own behalf, appellant was asked on cross-examination by the state if he had been convicted in the federal court in 1928 of selling intoxicating liquor. The answer was in the negative. Thereafter, the clerk of the United States District Court was placed on the witness stand by the state to identify a judgment of the federal court showing appellant's conviction in March, 1928, of the offense of selling one pint of whisky. The judgment showed that the punishment assessed was confinement in the Wichita County jail for a period of ninety days. All of this testimony was properly and timely objected to by appellant's counsel. In March, 1928, under the federal law, the first offense of selling intoxicating liquor was a misdemeanor, it being provided at that time that the offender should be punished by imprisonment not exceeding six months, or by a fine of not more than one thousand dollars. Section 29, title 2, National Prohibition Act; Blakemore on Prohibition—Federal and State—Third Edition, p. 729; Cleveland v. Mattingly, 287 Fed. Rep., 948; Christian v. United States, 8 Fed Rep. (2d) 732; Zonora v. State, 51 S. W. (2d) 724. At the time appellant was convicted it was provided in the Criminal Code of the United States that all offenses punishable for a term exceeding one year should be deemed felonies and all others misdemeanors. See Criminal Code of the United States of 1909, sec. 335. The testimony concerning the conviction of appellant in the federal court clearly shows that it was the first conviction in a federal court for selling intoxicating liquor. If it had been the second offense, the punishment would have been assessed at a fine of not less than two hundred nor more than two thousand dollars and imprisonment for not less than one month nor more than five years. Thus, if it had been the second offense, the court would have been required to assess a fine in addition to sentencing appellant to imprisonment. In Zonora v. State, supra, it was held that the first offense, under the federal law, for selling intoxicating liquor in 1928 was not a felony, and, further, that it was not a misdemeanor involving moral turpitude. See, also, Johnson v. State, 20 S. W. (2d) 1065; Carter v. State, 271 S. W., 629. The action of the court

in receiving the testimony necessitates a reversal of the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.