## JOHNNIE RANKIN V. THE STATE.

No. 18167.   Delivered June 24, 1936.
Rehearing Denied October 21, 1936.

The opinion states the case.

*H. T. Brown,* of Jacksonville, and *B. B. Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, two years in the penitentiary.

That appellant shot and killed deceased is not disputed; but the defense asserted that the shot was accidental. This theory was submitted in the charge to the jury as follows:

"If from the evidence you believe that the defendant killed the deceased, but you further believe, or have a reasonable doubt thereof, that the shooting was by the accidental discharge of the shot gun in the hands of the defendant, you will find him not guilty."

Appellant took the position that the jury should have been told in the charge that unless he knew that the gun was loaded with such a load as when fired at deceased from the distance where the gun was fired,—that same would result in death or serious bodily injury to deceased, appellant should be acquitted. Appellant made no claim that he thought he was using an unloaded gun. The testimony shows that as appellant and others approached a still being operated by deceased, the latter ran and appellant raised his gun, pointed it toward deceased and fired. We know of no authority justifying the legal proposition just mentioned, and think the trial court warranted in declining to so charge the jury. We do not think one may intentionally fire a gun at another, which gun is loaded with buck shot, and interpose as a defense that he did not know what kind of shot were in the shell, and in such case demand that the jury be told that unless they find that he knew the shells were loaded with shot big enough to kill, they should acquit. What we have just said disposes of appellant's special charge No. 1, and his exception to the court's charge.

The substance of appellant's second special charge was given in the court's main charge presenting the defense of accidental killing, above referred to.

Appellant's bills of exception 4, 6, 8 and 9 are in question and answer form and bear no certificate of the trial court that necessity existed for the bringing up of such bills in such form,—and under many authorites said bills can not be considered by us.

Bill of exceptions No. 5 reflects no error. It appears that upon request of the State the court instructed appellant's counsel not to ask I. K. Jones, a State witness, concerning his conviction of crime thirty-five years before this trial. Appellant's exception to the court's action seems based on some objection such as that the law authorizing testimony of ex-convicts should not be used to prevent the introduction of testimony properly admissible as affecting the credibility of such convict when used as a witness. We think the action of the court was

based on the remoteness of the conviction referred to, and that same had no reference to the law relating to the testimony of ex-convicts. We have often held it improper to ask for impeachment purposes as to convictions too remote. See Chandler v. State, 281 S. W., 568; Vick v. State, 159 S. W., 50; McGill v. State, 71 Texas Crim. Rep., 443, and other authorities. We have upheld the right of both the State and defense, upon proper showing of remoteness, to ask the trial court to instruct the opposite party to refrain from asking as to such remote convictions.

Bill of exceptions No. 7 complains of the refusal to allow or compel one Watts, a State witness, to answer a question put to him by defense counsel as to what old man Jones told him the day after the killing "about whether he had an understanding about signaling the girl." Attached to the bill of exceptions is a copy of an affidavit appended to appellant's motion for new trial, from which it appears that if allowed to testify Watts would have said that Jones told him he misunderstood the signals given by his daughter-in-law, wife of deceased, on account of his eye sight being bad; that she came out and gave signals as their understanding was, but he misunderstood the signals and could not tell whether she meant for him to come on or go back. Appellant asserts that this would have affected the credibility of Jones, who had testified that he was not interested in the operation of the still, which was being operated by Jesse Jones, the deceased. This bill wholly fails to show that the purpose of the question was ever disclosed to the trial court when he sustained the objection, and hence no error appears.

We see no need for discussing the testimony at any length. It shows beyond question that appellant, who was constable of the precinct, went with others down to where deceased was operating a still on the occasion of the alleged murder; that as the party approached the still deceased ran, and that appellant raised a shot gun which he was carrying, and fired, riddling the body of deceased with shot, from the effect of which deceased died in a very short time. It was the theory of the State, given support in the testimony, that appellant was a co-operator of the still with deceased.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again insists that the charge on the "accidental" firing of the gun was too restrictive, and argues that the firing may have been the result of nervous excitement on appellant's part. We think the instruction given clearly conveyed the idea to the jury that if the gun was discharged accidentally from whatever cause appellant would not be guilty.

It is again urged that the trial court committed error in not permitting appellant's counsel to prove by the witness Watts what the witness Jones had said on a certain occasion. There is an absence of showing in the bill complaining of such refusal that a predicate for such inquiry was laid while Jones was being examined as a witness. In the absence of a predicate for impeachment of Jones it would have been the purest hearsay to permit Watts to relate what Jones had said. As the matter is presented here the ruling of the trial court does not seem open to question.

The motion for rehearing is overruled.

*Overruled.*