IKE FLOWERS V. THE STATE.

No. 23639. Delivered May 7, 1947.
Rehearing Denied June 4, 1947.
Appellant's Second Motion for Rehearing Denied June 25, 1947.

468

*H. S. Beard* and *Joe W. Taylor,* both of Waco, for appellant.

*Gene Maddin,* District Attorney, and *Stansell Bryan,* Special Prosecutor, both of Waco, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The indictment contained two counts. The first charged appellant with the killing of Elizabeth Phillips with malice, by running into her with an automobile; the second charged a violation of Art. 802c, Vernon's Penal Code, in that appellant, by accident and mistake, killed Elizabeth Phil ips by running into her with an automobile which he was operating while under the influence of intoxicating liquor. Conviction was under the second count, with punishment fixed at five years' confinement in the penitentiary.

It would serve no useful purpose to detail the facts of this tragic killing. It is sufficient to say that about eight o'clock Sunday night, August 4, 1946, three young ladies, Elizabeth Phillips (deceased), Ruby Redden, and Joyce Lowrie were walking abreast upon the gravel portion of and some feet from the edge of the regularly traveled or paved portion of a public highway. Appellant, driving his car at a high rate of speed, passed on the right another car and ran into the three young ladies, killing the deceased.

The State's testimony showed that appellant was drunk and under the influence of intoxicating liquor at the time.

Appellant denied that he was intoxicated. In this, he was supported by other and disinterested witnesses. Appellant's explanation of the accident was to the effect that the car in front of him had attached thereto a trailer carrying a boat and was traveling without lights and that he suddenly realized he was going to run into the boat. To avoid that, he pulled his car to the right and, as he did so, in attempting to apply the brakes on his car his foot also pressed down the accelerator of his car.

According to appellant's own version of the matter, the collision was the result of accident and mistake.

The only issue, then, for the jury was that of appellant's intoxication. The jury determined that issue against appellant, and the facts therefore warrant the conviction.

Appellant filed an application for a suspension of sentence and supported it by testifying that he had never before been convicted of a felony.

This issue was not submitted by the trial court in his charge to the jury. No exception or objection was reserved to the charge because of the failure to submit said issue. Appellant contends that the action of the trial court constitutes error, notwithstanding his failure to object to the charge.

To this contention we cannot agree, for to do so would render nugatory the express provisions of Arts. 658 and 666, C. C. P., which require that all objections to the charge must be presented before the charge is read to the jury.

A suspension of sentence is a right peculiarly conferred by statute to an accused. To receive the benefit thereof the accused must bring himself within that statute. It is a right, then, that may be waived, and is waived by a noncompliance with procedural statutes. His failure to object to the charge for failing to submit the issue of suspension of sentence therefore constituted a waiver by appellant to have the jury pass upon that question.

Upon cross-examination, appellant admitted that, "It is a fact that I am now under indictment in this court for murder in another case other than the case for which I am now on trial." Appellant's objection that such testimony was irrelevant, immaterial, and highly prejudicial was overruled. The trial court at that time stated, "I will admit it only bearing on the credibility of the defendant as a witness and so instruct the jury in the charge."

The further objection was then urged to the admission of the testimony because the other indictment referred to grew out of the same transaction for which appellant was then on trial. The trial court then stated, "There is no evidence it grew out of the same transaction." Thereupon, out of the hearing of the

jury, it was explained and agreed that said other indictment for murder against the appellant did, in fact, grow out of the same transaction for which appellant was then upon trial.

The court then sustained appellant's objection to the testimony, and thereafter did in his charge instruct the jury not to consider such testimony.

Appellant insists, nevertheless, that reversible error is reflected.

It will be noted that the jury were never made acquainted with the name of the person appellant was alleged in the other indictment to have murdered. The statement of facts in this case does not disclose that evidence was before the jury that any other person save and except the deceased, Elizabeth Phillips, was killed in the collision. Consequently, the jury was not made acquainted with the fact, directly nor indirectly, that the other indictment charging appellant with murder grew out of the same transaction.

As the matter is here presented, all that was before the jury was appellant's admission that he was under indictment for murder in another case. The jury were instructed that said testimony was withdrawn and that they could not consider it for any purpose. Ordinarily, error in the admission of evidence is cured by withdrawing such evidence and instructing the jury not to consider it. 13 Texas Digest, p. 1067, Sec. 1169(5). An exception to the rule prevails where the evidence is of such a harmful or prejudicial character as that its effect could not be withdrawn from the jury. Deckerd v. State, 88 Tex. Cr. R. 132, 225 S. W. 166; Edmondson v. State, 106 Tex. Cr. R. 321, 292 S. W. 231; Johnson v. State, 20 S. W. (2d) 1065; Melton v. State, 121 Tex. Cr. R. 195, 49 S. W. (2d) 803.

In the light of the facts as a whole, as well as the lone issue of intoxication, we cannot bring ourselves to the conclusion that the instant case falls within the exception or that reversible error is reflected. See Chandler v. State, 103 Tex. Cr. R. 490, 281 S. W. 568.

The witness Giddings, who was riding in the car with appellant at the time of the accident, testified, among other things, that appellant was not drunk or under the influence of intoxicating liquor at that time. He accompanied appellant and peace officers to the county jail after the accident. Witness was asked,

upon cross-examination, if, after arriving at the jail, he did not make a statement to one of the officers relative to the appellant, "Well, he is pretty damn drunk, ain't he boys?" Witness denied making the statement.

The State then proved by the officers that he did make such statement—to which impeaching testimony appellant objected because it was immaterial, hearsay, and an attempt to impeach the witness Giddings upon an immaterial matter.

It is permissible for impeachment purposes to prove that a witness made statements, out of court, contrary to what he testified as to material matters, at the trial. Branch's P. C., Sec. 174, p. 106. The testimony was admissible, under the rule stated. The trial court limited the testimony, in his charge, to impeachment purposes only.

At the close of the evidence and before the charge was read to the jury, the appellant moved to require the State to elect upon which count in the indictment a conviction would be sought. This motion was overruled, and appellant excepted.

Both counts were submitted to the jury, and the jury expressly convicted under the second count.

It is a rule of long standing that in cases involving a prosecution for a felony, the State will not be required to elect as between counts in the indictment charging offenses growing out of the same transaction. Branch's P. C., p. 232, Sec. 444; 23 Tex. Jur., p. 663, Sec. 53; 21 Tex. Digest, p. 518, Sec. 132(5).

The transaction here involved was the death of the deceased. The question was whether death was caused by the unlawful act of the appellant. The indictment, in separate counts, charged that it was so caused by appellant. Under such circumstances, no election was required.

No reveresible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

It is urged by appellant that in our original opinion herein, we were in error in holding that appellant waived his right to have the jury instructed relative to a suspension of sentence in the event of a conviction. He insists that such a failure is a fundamental error and one that can be raised for the first time in a motion for a rehearing in this appellate court. We cannot agree that a failure to object to the trial court's charge is a fundamental error. To hold such would obliterate the provisions of Art. 658 and 666, C. C. P., as set forth in our original opinion and finally do away with the necessity of any objections to the trial court's charge.

We are cited to the case of Avery v. State, 121 S. W. (2d) 992, as announcing the doctrine that a failure of the trial court to charge or submit to the jury a charge relative to the suspension of sentence is fundamental error and can be·raised at any time. In that case the accused filed his application for a suspended sentence but the trial court failed to submit such to the jury, and the accused "in due time objected to the court's charge because it failed to submit to the jury all the issues raised by the pleadings and the evidence, and again in his motion for a new trial urged it as error." It was there held that the judge should have submitted to the jury the accused's application for a suspension of sentence in the event of a conviction, but it will be observed that such failure was properly and timely called to the trial court's attention. The case of Tonnahill v. State, 90 Tex. Cr. R. 184, 234 S. W. 75, is quoted as thus holding, and we agree therewith in that particular holding. However, we are also cited to the case of Baker v. State, 129 S. W. (2d) 317, which is based upon the following facts: Baker was charged with the theft of turkeys which, although classed as a felony, could have been punished by a fine and imprisonment in the county jail, or confinement in the state penitentiary. The accused filed a timely request for a suspension of sentence in the event of a conviction, and the trial court, construing the suspension of sentence to apply only to the felony punishment, instructed the jury in substance that they could suspend the sentence only in the event of their finding of guilt and the assessing of a penalty of confinement in the penitentiary for not more than a certain period of years. This was contrary to a line of decisions cited in the Baker case, supra. However, in such case this court went further and without it being necessary to the decision of that case, had the following to say:

"This was tantamount to an instruction that if they assessed his punishment at a fine and confinement in the county jail,

474

they could not recommend the suspension of sentence. This, of course, was erroneous and in our opinion constitutes such error *as he might raise for the first time in this court even on a motion for rehearing.*"

The italicized portion of this statement went too far and left out any consideration relative to a waiver of the right to the submission to the jury of a request for a suspension of sentence. This matter can be waived in many ways, and for different reasons. The proof might not be made, or one might see fit to withdraw the same; it might not be properly and timely requested; it could be withdrawn, or it could be waived by a failure to object and except to the trial court's charge.

Article 11, Vernon's Ann. Tex. C. C. P., provides as follows:

"The defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case." (See cases there cited.)

Insofar as it is said in the case of Baker v. State, supra, that the failure to object to the trial court's charge can be raised for the first time in this court even on a motion for a rehearing, the same was dicta and is herein expressly overruled.

It is suggested to us in argument only that if the death of this young lady was caused by accident or mistake, then the statute, Art. 39, P. C., would control. We note, however, that Art. 1228, P. C., provides as follows:

"Homicide is excusable when the death of a human being happens by accident or misfortune, though caused by the act of another who is in the prosecution of a lawful object by lawful means."

We express the opinion that appellant's conduct proven on the trial hereof shows that he was not prosecuting a lawful object in a lawful manner.

The motion for a rehearing will be overruled.

ON APPELLANT'S SECOND MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion praying that the judgment and sentence in this cause be reformed and corrected. He has pointed

out that the judgment and sentence do not follow the verdict of the jury, which found him guilty as charged in the second count of the indictment and assessed his punishment at five years in the penitentiary; whereas, the judgment of the court and the sentence declare him to be guilty of driving an automobile upon a public highway in McLennan County while intoxicated. The judgment should have found him guilty of killing Elizabeth Phillips while driving an automobile in an intoxicated condition. In accordance with the prayer to this effect, it is hereby ordered that the judgment and sentence be reformed to show the proper offense for which conviction is had.

It is further contended that under the operation of Article 44, of the Penal Code, appellant could only be given a two year sentence. We call attention to the fact that appellant was tried under a special statute, being Article 802-c, Vernon's Ann. P. C., which provides that he shall receive the punishment assessed for the felony actually committed. Under the doctrine that a special statute controls over a general statute, the jury had a right to assess a penalty of five years in the penitentiary and the judgment and sentence will not be changed as to the length of time he is to serve.