Edward Joseph McGINLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–82–00130–CR.

Court of Appeals of Texas,
El Paso.

April 11, 1984.

Jesus M. Hernandez, El Paso, for appellant.

Luther Jones, County Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

WARD, Justice.

This is an appeal from a misdemeanor conviction for driving while intoxicated.

The jury assessed punishment at eighteen months confinement (probated) and a fine of $300.00 (not probated). The jury declined to suspend Appellant's driver's license. We affirm.

■ In Ground of Error No. One, Appellant challenges the constitutionality of establishing the court in which he was prosecuted. The contention is frivolous. Tex. Const. art. V, sec. 1; Tex.Rev.Civ.Stat.Ann. art. 1970–141.1 (Vernon 1964). Ground of Error No. One is overruled.

■ In Ground of Error No. Two, Appellant contends that the trial court improperly permitted the jury to sever its probation recommendation—probating the jail term assessed, but not the fine. Reliance is placed solely upon the Court of Criminal Appeals opinions in *Franklin v. State*, 576 S.W.2d 621 (Tex.Cr.App.1978) and *Taylor v. State*, 549 S.W.2d 722 (Tex.Cr.App.1977). Both of those cases were decided upon a prior version of Tex.Code Crim.Pro.Ann. art. 42.13. Former Section 3(b) authorized the jury to probate punishment if the statutory preconditions were met and drew no distinction between different aspects of the possible punishment to be assessed. Considering this probation authority with former Section 4(a), the Court of Criminal Appeals concluded that a jury could only decide to probate or not probate the punishment as a whole. Section 4(a) provided that if probation were granted, the finding of guilt would not become final and the court could not render final judgment on it beyond the Section 6 terms and conditions of probation. Under the former provisions of Article 42.13, as interpreted by the Court of Criminal Appeals, a split probation recommendation would result in actual imposition of either a jail term or a fine without an underlying final judgment of conviction. *Franklin* at 622; *Taylor* at 725.

Article 42.13 has since been amended. Section 3a now expressly provides:

> When the jury recommends probation, it may recommend that the imprisonment or fine or both such fine and imprisonment or fine or both such fine and imprisonment found in its verdict may be probated.

Former Section 4 has been deleted. Consequently, other than a probation granted under Article 42.13, sec. 3d, a misdemeanor conviction resulting in probation is a final conviction and judgment may be rendered thereon.

The provisions of present Section 7 do not perpetuate the effect of former Section 4. It is simply an updated version of the prior Section 7 procedure for setting aside a misdemeanor conviction, withdrawing the plea and dismissing the accusation upon satisfactory completion of probation. Because of the amendment of Section 3a, the elimination of former Section 4 and the jury's present authority to separate its probation recommendations, the Section 7 procedure is now available only in those cases of pure or total probation of punishment. If either form of punishment is not probated, the conviction must stand as final. Even under the present provisions of Section 3a, there is no authorization to probate only a portion of either an assessed fine or jail sentence. The present case presents no such violation. Ground of Error No. Two is overruled.

The judgment is affirmed.