Narciso Montez **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–85–00525–CR.

Court of Appeals of Texas, Dallas.

May 28, 1986.

Karen Chilton Beverly, Dallas, for appellant.

Leslie McFarlane, Dallas, for appellee.

Before VANCE, DEVANY and SCALES, JJ.

VANCE, Justice.

Narciso Montez Martinez appeals from a jury trial conviction for driving while intoxicated. The jury assessed punishment at ninety days' confinement in the Dallas County Jail and a $500.00 fine. In two grounds of error, Martinez contends that: (1) he was denied a fair and impartial trial due to the trial court's failure to instruct the jury that it could probate jail time and still assess a fine and (2) his motion to quash should have been granted with regard to what kind of alcohol concentrate the State intended to show. Because we agree with Martinez's first contention, we reverse the trial court's judgment and remand the case for a new trial.

In his first ground of error, Martinez claims that the trial court erred in not clearly instructing the jury that it could probate jail time while still assessing a fine. The instruction submitted to the jury on punishment does not explain that they had the option to probate either the jail time or the fine without probating both. The verdict sheet submitted to the jury only authorizes the probation of both the jail time and the fine. Moreover, during their deliberations, the jury sent the trial judge a note asking:

Your Honor:

We interpret the probation section as meaning no sentence served or fine paid unless the defendant violates one or more of the ten stipulations [conditions of probation]. Are we correct?

signed Edie W. Schultz

The court instructed the jury that they were not to consider how the defendant might serve any sentence they were to assess and to continue their deliberations.

The former provisions of article 42.13 of the Texas Code of Criminal Procedure did not state whether split probation was permitted. The Misdemeanor Probation Law did expressly state that where misdemeanor probation is granted no judgment is to be entered and the finding of guilt is not to become final except upon revocation. *See, e.g.* TEX. CODE CRIM. PROC. ANN. art. 42.13, §§ 4, 6 (Vernon 1979). The Court of Criminal Appeals interpreted this to mean that a split probation recommendation by the jury would result in imposition of either a jail term or a fine without an underlying final judgment of conviction. *Taylor v. State*, 549 S.W.2d 722 (Tex.Crim.App.1977); *Franklin v. State*, 576 S.W.2d 621, 622 (Tex.Crim.App.1978) (en banc).

■ In 1981, section 3a of article 42.13 was enacted to expressly provide:

> When the jury recommends probation [in misdemeanor cases], it may recommend that the imprisonment or fine or both such fine and imprisonment found in its verdict may be probated.

Misdemeanor Adult Probation and Supervision Law, ch. 142, § 1, 1981 Tex.Gen.Laws 358. The 1981 amendments and the 1983 amendments, see Act of June 16, 1983, ch. 303, §§ 14–21, 1983 Tex.Gen.Laws 1568, 1592, 1601, preserved the above-quoted language and deleted those provisions relied upon in *Franklin* and *Taylor*. Consequently, under article 42.13,[1] as it applies to this case, a misdemeanor conviction resulting in probation is a final judgment if either form of the punishment is not probated. *McGinley v. State*, 671 S.W.2d 89, 90 (Tex.App.—El Paso 1984, no pet.); TEX. CODE CRIM.PROC.ANN. art. 42.13 (Vernon Supp.1984). Thus, the rationale behind the *Taylor* and *Franklin* holdings no longer exists in the statute, and those cases have been overruled by the amendments to

article 42.13. *See, McGinley,* 671 S.W.2d at 90. We hold that there is a final judgment of conviction to support the probated part of a split sentence, and therefore, under current Texas law the jury may properly split its probation recommendations between jail time and a fine. *Arcos v. State,* 628 S.W.2d 867, 868 (Tex.App.—Corpus Christi 1982, no pet.). *See McGinley,* 671 S.W.2d at 90; *Nevarez v. State,* 671 S.W.2d 90, 94 (Tex.App.—El Paso 1984, no pet.).

In *McGinley,* the El Paso Court held that it was not error for the trial court to permit the jury to probate the jail time assessed but not to probate the fine. 671 S.W.2d at 90. In the present case, Martinez contends that the trial court erred in failing to instruct the jury that it could probate Martinez's jail time and still assess a fine against him. No objection to the charge was made at trial. However, Martinez contends that this case should be reversed on the basis of a fundamentally defective jury charge, ineffective assistance of counsel, or in the interests of justice.

■ The first issue before us is whether this was a fundamentally defective jury charge. Under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984), an unobjected-to defect in a jury charge will only require reversal if the error is so egregious that the appellant was denied a fair and impartial trial. 686 S.W.2d at 171. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence and its probative weight, and the record as a whole. *Id.*

Long before *Almanza* was decided, the Texas Court of Criminal Appeals held that a charge which is silent regarding probation, despite an application and proof of eligibility therefore, does not constitute fundamental error. *Snow v. State,* 697 S.W.2d 663, 667 n. 1 (Tex.App.—Houston [1st Dist.] 1985, no pet.) citing *Flowers v. State,* 150 Tex.Crim.R. 467, 202 S.W.2d 462, 465–66 (1947). However, in *Flowers,* the Court of Criminal Appeals did not ana-

---

1. Article 42.13 § 3a (Vernon Supp.1984) was recodified in 1985, and now appears in the

Adult Probation Law, article 42.12 § 3a(b) (Vernon Supp.1986).

lyze the egregiousness of any harm suffered by Flowers. The court in *Flowers* seemed to reject the whole notion of fundamental error in jury charges, finding that Flowers waived his right to be considered for probation by failing to object to the charge. 202 S.W.2d at 465–66. The Court of Criminal Appeals in *Almanza* recognizes that many of their earlier cases on fundamentally defective jury charges "are simply going to be wrong." 686 S.W.2d at 172. Thus, we find that *Flowers* is no longer good law on this point.

■ The issue before us, whether a jury charge is fundamentally defective because it fails to inform the jury that they can probate either jail time or a fine without probating both, must be analyzed anew under *Almanza*'s "egregious harm" standard. Martinez was denied the opportunity to have the jury consider the entire range of punishment. The right to probation is valuable, and where the evidence supports probation, it should be submitted to the jury. *Trevino v. State*, 577 S.W.2d 242, 243 (Tex.Crim.App.1979) (objection made to failure to include probation in charge).

Here, the record of the punishment phase of the trial reflects that Martinez and the State stipulated that he had been convicted in 1979 of misdemeanor driving while intoxicated for which he received probation. One of Martinez's co-workers testified that Martinez had a good reputation in the community and had a good work record. Martinez testified that he was sorry for what he had done and could live out his probation. Martinez also testified that he was a good worker and supported his three daughters who lived with his ex-wife. Martinez further testified that he lived one and one-half blocks from his workplace and could get rides from his family.

Given this evidence, the failure of the charge to mention split probation, the verdict sheet's authorization only of probation of both jail time and a fine, and the jury's note indicating their confusion on the matter, we must conclude that the omission of a split probation instruction from the charge was egregious harm such that Mar-

tinez was denied a fair and impartial trial. Because we find the jury charge fundamentally defective, we reverse the trial court's judgment and remand the case for a new trial.