**Robbie Vandora SNOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0470–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 15, 1985.

Rehearing Denied Sept. 19, 1985.

EVANS, C.J., and COHEN and SAM BASS, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of aggravated robbery and assessed punishment of 10 years imprisonment. Tex.Penal Code Ann. sec. 29.02(a)(2) and 29.03(a)(2) (Vernon 1974). In a single ground of error, appellant contends that his appointed defense counsel at trial rendered ineffective assistance, and thus he was denied his constitutional right to counsel assured by the Sixth Amendment of the United States Constitution. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

■ Appellant's sole complaint regarding his lawyer's performance is that counsel failed to request a jury instruction on probation at the punishment phase of trial, thus waiving his right to be considered for probation. Prior to trial, defense counsel filed an application for probation, executed under oath by appellant, stating that appellant had never been convicted of a felony. Appellant's testimony at the guilt stage established that he had never before been arrested, much less convicted of a crime. This testimony established his eligibility for probation by virtue of not having a previous felony conviction. Tex.Code Crim.P. Ann. art. 42.12, sec. 3a (Vernon Supp.1985).

The jury charge at the guilt stage submitted the offense of aggravated robbery and the lesser included offense of robbery. The jury convicted appellant of aggravated robbery by threats while using a deadly weapon, a broken beer bottle, as alleged in the indictment. Aggravated robbery is a first degree felony punishable by imprisonment for 5–99 years or life and a fine of up to $10,000. Tex.Penal Code Ann. sec. 29.-03(b) and 12.32 (Vernon 1974 and Vernon Supp.1985).

A jury, unlike a judge, has the power to grant probation to one convicted of aggravated robbery if it finds that he has never been convicted of a felony and its sentence does not exceed 10 years. Art. 42.12, secs.

Larry Urquhart Moorman, Tate, Moorman & Urquhart, Brenham, for appellant.

Charles J. Sebesta, Jr., Burleson County Dist. Atty., Caldwell, for appellee.

3a and 3f(a)(1)(D). When the jury recommends probation in its verdict, "probation shall be granted by the court...." *Id.*

Despite the fact that appellant applied for probation and presented evidence entitling him to consideration for probation by the jury, the court's charge did not instruct the jury that it had the option of granting probation. The jury was instructed, without objection from appellant's counsel, that it had to assess a term of imprisonment of five years to life. The record reflects the reason that counsel did not ask for a probation instruction. In his argument to the jury at the penalty phase of the trial, defense counsel disclosed his erroneous belief that the issue of probation could not be considered by a jury for a defendant convicted of aggravated robbery:

The law under this conviction and the law in this state is that when an individual is convicted of aggravated robbery that he is not entitled to probation. So therefore, the only choice is confinement in the Texas Department of Corrections for a certain term of years or for a fine.

I think you would be surprised if I argued for anything other than the minimum confinement you can confine him....

I don't know what to say to you other than the fact that I think the evidence that you consider would certainly merit the minimum sentence in this instance of five years. No way he can avoid going to prison. He has been convicted.

■ This passage clearly establishes defense counsel's misconception of the law regarding appellant's eligibility for probation and his right to a jury instruction concerning it. Counsel apparently misunderstood art. 42.12, sec. 3f(a) of the Code of Criminal Procedure, which prohibits a judge from granting probation to persons found guilty of aggravated robbery. This statute does not limit the jury's power to make a binding recommendation of probation for a defendant convicted of aggravated robbery. Art. 42.12, sec. 3a.

The jury assessed a penalty of 10 years. Consequently, it could have recommended probation of that punishment. Art. 42.12, sec. 3a. See and compare *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App. 1981). However, due to defense counsel's misunderstanding of the statutes governing probation in aggravated robbery cases, appellant was denied his statutory right to have the jury consider whether to probate the punishment it assessed. Appellant was thus denied an opportunity to have the jury consider the entire range of punishment, including the part of the punishment range most favorable to him.

Both the Texas Legislature and the Court of Criminal Appeals have expressed the importance placed upon the right to be considered for probation:

The right to probation is valuable; when testimony reasonably supports a defendant's motion for probation, the issue should be submitted to the jury.

*Trevino v. State*, 577 S.W.2d 242, 243 (Tex. Crim.App.1979) *quoted with approval in Thompson v. State*, 604 S.W.2d 180, 182 (Tex.Crim.App.1980).

The extraordinary importance placed by the legislature on the right to be considered for probation is shown by the following requirement in the Felony Probation Act:

When the trial is to a jury, and the defendant has no counsel, the court *shall* inform the defendant of his right to make such motion, and the court *shall* appoint counsel to prepare and present same, if desired by the defendant.

Art. 42.12, sec. 3a (emphasis added).

The legislature plainly intended that even an uncounseled defendant should not ignorantly waive his right to be considered for probation, mandating that "the court shall inform the defendant of his right."

In *Mercado v. State, supra,* as in this case, the sole ground of error was ineffective assistance of counsel, and, more importantly, the only complaint regarding counsel's representation was that counsel never applied for probation or told Mercado that he could apply probation. The Court overruled the ground of error because trial

counsel explained the trial strategy which caused him to make no application for probation; there was no evidence that Mercado never had been convicted of a felony and was, therefore, eligible for probation; and in light of the 17-year penalty assessed, the jury would not have reached consideration of any probation application, even if one had been filed. In the present case, appellant proved himself eligible for probation, and the jury could have recommended probation of its 10-year sentence. The record contains no explanation of a trial strategy explaining the failure to apply for probation, and the State has suggested none in its brief. The trial strategy used in *Mercado* was obviously not used in the present case, because here probation was applied for and was discussed during jury selection. *Id.* at 227. *See May v. State*, No. 113–84 (Tex.Crim.App., Dec. 5, 1984) (not yet reported) (distinguishing *Mercado* on facts similar to the present case).

*Mercado* set out the familiar rules for reviewing a claim of ineffective assistance of counsel, including that each case must be considered on its own particular circumstances; that the adequacy of an attorney's services must be gauged by the totality of his representation; that allegations of ineffective representation will be sustained only when firmly founded; and that the constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. *Id.* at 227–28.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established that relief will be granted on a claim of ineffective assistance of counsel only when the attorney's errors are so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and, in addition, the defendant was deprived of a fair trial because of the errors. For an error to reach that magnitude, there must be a reasonable probability, that is, a probability sufficient to undermine confidence in the trial's outcome, that, but for counsel's unprofessional errors, the result of

the proceeding would have been different. However, the Court also held:

On the other hand, we believe that *a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case....* An ineffective assistance claim asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower. The result of a proceeding can be rendered unreliable, and hence, the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.

*Id.* at 2068 (emphasis added).

The Court further stated that the test was a flexible one, not rigid in application:

Most important, in adjudicating a claim of actual ineffectiveness of counsel, a court should keep in mind that the principles we have stated do not establish mechanical rules. Although those principles should guide the process of decision, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.*

*Id.* at 2069 (emphasis added).

The Court also stated:

In making the determination whether the specified errors resulted in the required prejudice, a court should *presume,* absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law.... The assessment of prejudice should proceed on the *assumption* that the decisionmaker is reasonably, consci-

entiously, and impartially applying the standards that govern the decision.

*Id.* at 2068 (emphasis added).

█ Neither the presumption or the assumption mentioned in *Strickland* can stand in light of this record. The jury charge given was not "according to law," [1] and, therefore, the jury did not "apply the standards that govern the decision" when it considered a range of punishment which did not include probation. *Thompson,* 604 S.W.2d 180; *Trevino,* 577 S.W.2d 242. It is of no consequence in this case that there is no challenge to the judgment on grounds of evidentiary insufficiency, because the error alleged relates solely to the punishment phase of a bifurcated trial.

The State argues that the effectiveness of a defense attorney's representation must be judged on the basis of the entire record, not on the basis of isolated errors or, as in the instant case, a single error. It points out that no attack has been made on defense counsel's performance at the guilt stage, nor has any other act or omission at the penalty stage been attacked as ineffective. We thus assume that counsel's performance in other respects was reasonably effective, both because the standard of review requires this presumption and because nothing to the contrary has been shown.

The fact that we review the adequacy of an attorney's performance based upon the totality of his representation does not mean that relief will never be granted because of a single error, even one affecting punishment only. "Sometimes a single error is so substantial that it alone causes the attorney's assistance to fall below the sixth amendment standard." *Nero v. Blackburn,* 597 F.2d 991, 994 (5th Cir.1979). The Court of Criminal Appeals on at least three recent occasions has granted relief on claims of ineffective assistance of counsel solely because of a single error affecting only the punishment assessed. *Jackson v.*

*State,* No. 115–84 (Tex.Crim.App., July 24, 1985) (not yet reported); *May v. State, supra* (defense attorney waived client's right to be considered for probation by failing to timely submit a sworn application); *Ex parte Scott,* 581 S.W.2d 181 (Tex.Crim.App. 1979) (failure to investigate circumstances of convictions used for enhancement). In *Jackson,* the Court wrote:

We have held that an accused may be denied effective assistance of counsel because of errors occurring solely in the punishment phase of trial.... We have also recognized that, as a practical matter, some isolated omissions may so affect the outcome of a particular case as to undermine the reliability of the proceedings.... Thus, in *May,* a single error of omission occurring at the punishment phase of trial, for which there was no trial strategy, and which *might* have caused the result of the proceedings to be different (i.e., the jury *might* have granted probation) and therefore, *materially harmed* the [accused], constituted ineffective assistance of counsel....

Fortunately, history shows that single errors of such magnitude are rare. However, to ignore such a single error simply because it is single, while granting relief where multiple errors cumulatively reach the same magnitude, seems contrary to the very reasons that caused the creation of the doctrine of effective assistance of counsel.

*Id.* at pp. 12–13, n. 6 (citations omitted).

Our examination of the record convinces us that there is a probability sufficient to undermine our confidence in the punishment verdict that, but for counsel's error, the verdict would have been different. This was a contested trial that produced a record of almost 600 pages at the guilt stage, *including nearly 450 pages of testimony from 17 witnesses, seven of whom, including the defendant, testified for the*

---

**1.** A charge which is silent regarding probation, despite an application and proof of eligibility therefore, has been held not to constitute fundamental error. *Flowers v. State,* 150 Tex.Crim. 467, 202 S.W.2d 462 (1947); *see also Flowers v. State,* 150 Tex.Crim. 467, 203 S.W.2d 539 (1947) (op. on 2d reh'g). We are bound by this holding, although we disagree with it.

668

defense. Five of these were character witnesses. Neither side produced testimony at the punishment stage. However, the jury heard considerable evidence at the guilt stage which also concerned the appropriate punishment. This included testimony that the defendant had never been arrested or in any kind of trouble before this incident; that he had never stolen anything in his adult life; that he had a good employment history of several years as a physical therapist; that he was not a violent person; that he supported his mother; that he avoided undesirable persons and was caring and kind to others; and that he would sometime stay with a crippled girl without accepting payment offered to him for his services. There were no reputation witnesses against appellant and no evidence of extraneous offenses.

Appellant's attorney argued for a five-year sentence, and the prosecutor argued for a sentence of 15 years and a day. The jury split the difference and assessed 10 years.

The State argues that if the jury had wanted to give probation, it would have chosen the minimum sentence available, five years, or would have asked the court about probation. The State asserts that the jury was so opposed to the five-year sentence suggested by defense counsel that it imposed a sentence of twice that amount, 10 years.

*Strickland v. Washington* does not compel an affirmance unless the record indicates that the jury would have given probation, but for counsel's error. The test for prejudice in *Strickland* is whether there is a "reasonable probability" that the error "altered the outcome" of the trial. A probability may be reasonable even though it does not constitute a preponderance of the evidence, *Strickland,* 104 S.Ct. at 2068–69, and alteration of the outcome may include a reduction in the sentence assessed, although not probation.

We conclude that there is a reasonable probability that a jury instruction concerning probation would have altered the outcome of the punishment by influencing the jury to seriously consider a lower sentence than 10 years imprisonment. The right to be considered for probation is valuable, even if probation is not given, because the jury instruction concerning probation forcefully directs the jury's attention to the lowest punishment allowed by law. This right has been conferred on every person not convicted of a felony, with special protection for defendants without counsel. Art. 42.12, sec. 3a.

In this case, appellant's own lawyer asked that he be sent to prison, although he was eligible for probation. There was less protection of the valuable right to be considered for probation than there would have been in the complete absence of a defense lawyer. This was a grievous error and, in reasonable probability, affected the outcome to appellant's prejudice.

Ground of error one is sustained.

The judgment is reversed and the cause remanded.