**Glenn Alvin SIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0121–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 27, 1986.

Susan Spruce, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., J. Harvey Hudson, David Knight, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and DUNN, JJ.

## OPINION

DUNN, Justice.

Appeal is taken from a conviction for aggravated rape. The jury assessed punishment at 99 years confinement and a $10,000 fine. The sufficiency of the evidence is not challenged.

In two grounds of error, appellant complains of the lack of an instruction on probation in the court's charge to the jury. Initially, he argues that the charge to the jury deprived him of a fair and impartial trial because it did not include an instruction and verdict form which would have permitted the jury to recommend probation, thus requiring the reversal of his conviction.

Although the trial court is required to deliver a written charge to the jury "distinctly setting forth the law applicable to the case," Tex.Code Crim.P.Ann. art. 36.14 (Vernon Supp.1986), the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. Tex. Code Crim.P.Ann. art. 36.19 (Vernon 1981).

In *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984), the Court of Criminal Appeals enunciated the standards for review that are embodied in art. 36.19. In cases where no proper objection was made at trial, as in the case before us, and the accused claims that the error was fundamental, he will obtain a reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial. The degree of harm must be determined in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by

the record of the trial as a whole. *Id.* at 171.

In considering the record in this case, we do not omit from consideration the jury's assessment of the appellant's punishment at 99 years confinement. *See Jackson v. State,* 628 S.W.2d 446, 449 (Tex.Crim.App. 1982); *see also* Tex.Code Crim.P. art. 42.12, sec. 3a(a) (Vernon Supp.1986). Until the punishment stage of the trial, there was some question whether the appellant desired the court or the jury to assess punishment and consider probation. The record reflects that on the day before trial began, the appellant requested that the judge assess punishment. Later in the trial, the portion of this request that the *"judge"* assess punishment was scratched out and *"jury"* was substituted. This change was initialed by both appellant and his counsel, but there is no indication in the record when this substitution was made.

Appellant testified that he had no prior felony convictions, and asserted an alibi defense.

Shortly after the jury retired for deliberation on guilt-innocence and less than 45 minutes before the jury's verdict of guilty, the appellant filed his sworn motion for probation directed to the "court or jury" requesting that "... if the defendant is found guilty as charged in the indictment, and the punishment does not exceed ten years, ..." he be granted probation. [Art. 42.12, sec. 3a, Tex.Crim.P.Ann. requires that appellant's sworn motion for probation be filed before trial begins.] There is no indication in the record that this motion for probation was ever brought to the attention of the court, although another motion, filed by appellant at approximately the same time, was affirmatively called to the court's attention by appellant's counsel, heard, ruled upon, and the court's ruling was written and signed by the judge on the face of the motion.

■ At the hearing on punishment, immediately following the verdict, there was no objection to the court's failure to charge the jury on appellant's eligibility for probation. It is evident from the record that the court gave both the State and the appellant ample opportunity to make objections to the charge. Considering the unusually short period of time in which the jury determined the guilt of appellant; the close proximity in time to the filing of his motion for probation; defense counsel's argument to the jury during the punishment phase of trial in which he carefully pointed out that this was appellant's first felony offense and discussed in depth the full range of punishment with no mention of probation, a reasonable inference exists that it was appellant's and defense counsel's deliberate choice (i.e., trial strategy) not to press the jury for probation at the risk of exacerbating their reaction to the horrifying facts of this rape.

Further, the theory of trial strategy is supported by the record during the guilt-innocence stage of the trial when consideration is given to the many times defense counsel, on voir dire, during testimony, and in argument to the jury, discussed probation and the minimum range of punishment. Such circumstances belie the fact that appellant, as well as his attorney, was unaware of his eligibility for probation, and underline the inference that it was a considered decision on their part not to incense the jury with a request for probation.

■ Appellant argues that the omitted instruction on his eligibility for probation deprived the jury of "society's view of the seriousness of the crime," citing *Snow v. State,* 697 S.W.2d 663 (Tex.App.—Houston [1st Dist.] 1985, writ requested). With this argument, appellant attempts to assign fundamental error by claiming that probation represents the minimum range of punishment. We do not agree. The range of punishment is affirmatively fixed by the legislature and applies to all defendants, without exception. It is fundamental error to incorrectly charge the jury on the applicable range of punishment. *Uribe v. State,* 688 S.W.2d 534 (Tex.Crim.App.1985); *Stein v. State,* 515 S.W.2d 104 (Tex.Crim.App. 1974).

Appellant attempts to bolster his argument with the holdings in *Uribe* and *Stein.* These cases are distinguishable in that the range of punishment charged by the court in *Uribe* and *Stein* did not involve the question of probation but a question of the correct applicable law specifying punishment. The court in this case appropriately charged the correct range of punishment, i.e., from a minimum of five years to a maximum of ninety-nine years and a $10,-000 fine, having had no request for probation brought to its attention during the charge on punishment. The record indicates that during trial, both the State and appellant agreed that this range of punishment was in accordance with the applicable law for this crime.

Probation is a separate, waivable right granted to certain defendants who meet specific requirements for eligibility. Art. 42.12. It should not be, and by definition cannot be, considered as part of the range of *punishment* prescribed by the legislature. In *Snow*, this Court did not enlarge the minimum range of punishment as prescribed by the legislature, but specifically considered the entire record and circumstances, including the fact that defendant's punishment was assessed at only 10 years, and concluded that counsel's errors, as a whole, were so bad on the face of the record that it would have been better to have had no counsel at all. *Snow*, 697 S.W.2d at 668.

 We find that based on the record as a whole, the lack of a jury instruction on probation was not calculated to injure the rights of the appellant, and did not deprive the appellant of a fair and impartial trial. We further conclude that if it were to be considered error on the part of the court, considering the circumstances in this case, it was not so egregious as to deprive appellant of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d at 171.

Appellant's first ground of error is overruled.

In his second ground of error, appellant alleges that he was denied effective assistance of counsel by his attorney's failure to request a jury instruction on probation at the punishment phase of trial.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established that relief will be granted on a claim of ineffective assistance of counsel only when the attorney's errors are so serious that he was not functioning as counsel guaranteed by the sixth amendment, and, in addition, the defendant was deprived of a fair trial because of such errors. For an error to reach that magnitude, there must be a reasonable probability, that is, a probability sufficient to undermine confidence in the trial's outcome, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Snow*, 697 S.W.2d at 666.

Considering the foregoing discussion, the maximum punishment assessed by the jury, the entire record in this case, as well as the facts and circumstances surrounding appellant's and defense counsel's conduct during the trial, we find that counsel's failure to request a jury instruction on probation at the punishment phase of the trial does not reach such magnitude that it undermines confidence in the trial's outcome.

Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.