Dagoberto Romero TURCIO, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–89–610–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 26, 1990.

Floyd W. Freed, III, Houston, for appellant.

John Brook, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury found appellant Dagoberto Romero Turcio guilty of the felony offense of aggravated robbery, and the court assessed punishment at fifty (50) years' confinement in the Texas Department of Corrections. Appellant brings three points of error. We affirm the trial court's judgment.

On December 30, 1988, Charlie Thomas Ford employees Terry Jones, Clarence Hill, James Omoruyi, and Robert Muniz observed an unknown person tampering with automobiles in the employee parking lot across the street from the dealership. The man was holding a portable radio which

was subsequently identified as one taken from one of the vehicles. The four unarmed employees ran toward the suspect to apprehend him. Two of the workers, Omoruyi and Hill, crossed the street to confront the man; however, traffic delayed the other two men. The suspect pulled out a handgun which had been concealed in his clothing and fired shots at Hill and Omoruyi, one bullet striking Omoruyi in the back. A passing police officer, Jason Draycott, observed the commotion, and the officer and the suspect exchanged gunfire before the suspect fled the scene. After reinforcement officers from the police department arrived, Draycott broadcast on the police radio that a shooting had occurred and that the suspect had escaped. He identified the perpetrator as an "Hispanic male ... with a gray windbreaker, dark shirt and light colored pants.... five foot six, stocky build, black hair." After hearing the broadcast, police officer P.A. Brooks observed appellant Dagoberto Turcio a few blocks from the scene of the shooting. The appellant fit the broadcasted description and was running, frequently looking over his left shoulder as he ran. Brooks took appellant into custody and returned him to the scene of the crime. There, witnesses identified Turcio as the man who had earlier shot Omoruyi.

In his first point of error appellant claims that he was denied effective assistance of counsel since his counsel did not elect to have a jury assess punishment. Appellant argues that trial counsel should have known the court could not consider probation if the appellant was found guilty of aggravated robbery, and that by indirectly denying appellant this option, counsel failed to provide effective assistance. We disagree with appellant's contention.

■ The fact that counsel advised appellant to waive a jury in the punishment phase of the trial does not in itself constitute ineffective assistance. *Green v. Lynaugh*, 868 F.2d 176, 178 (5th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 102, 107 L.Ed.2d 66 (1989). We must instead examine trial counsel's overall performance. Although the two prong test of *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055–56, 80 L.Ed.2d 674 (1984), would ordinarily provide the standard for determining ineffective assistance of counsel, in the case before us *Strickland* does not apply because appellant's point concerns the punishment phase of his trial. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim.App.1987). Instead, we will gauge the sufficiency of the attorney's assistance by the totality of the representation of the accused. *Id.* (citing *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). The right to effective assistance of counsel entitles a defendant to "counsel *reasonably* likely to render *reasonably* effective assistance[.]" *Cruz*, 739 S.W.2d at 58 (citing *Passmore v. State*, 617 S.W.2d 682 (Tex.Crim.App.1981)) (emphasis added).

On at least two occasions this court has addressed the issue of an accused's right to know that a judge cannot grant probation when assessing punishment in certain aggravated crimes even though a jury is empowered to consider the option. *Recer v. State*, 785 S.W.2d 430, (Tex.App.—Houston [14th Dist.], 1990, no pet.) (not yet reported); *Turner v. State*, 755 S.W.2d 207 (Tex. App.—Houston [14th Dist.] 1988, no pet.). In both of those cases, however, it was apparent that the defense counsel were operating under a fundamental misunderstanding of the trial court's ability to grant probation following the jury's affirmative finding of guilt. *Recer*, 785 S.W.2d at 430–31; *Turner*, 755 S.W.2d at 208. In fact, in arguments before the judges each of the attorneys urged the court to consider probation as a sentencing alternative even though Texas law prohibited the judges from doing so. *Recer*, 785 S.W.2d at 430–31; *Turner*, 755 S.W.2d at 208. There is no evidence of such a fundamental misunderstanding by Turcio's trial counsel, and when viewing the totality of appellant's representation, we do not find that trial counsel's performance was objectionably deficient.

Turcio's trial record does reflect that appellant filed a motion for probation despite appellant's request for court-assessed punishment. This action alone, however, is

inadequate to establish that counsel was unaware that a judge, when assessing punishment in a case involving aggravated robbery, cannot grant probation. *See* TEX. CODE CRIM.PROC.ANN. art. 42.12 (Vernon 1981). Granting reversal based solely on an innocuous application for probation would offer a dependable strategy for an accused to obtain a new trial should he be convicted. To permit such a scheme would be contrary to public interest. In the case before us trial counsel did not demonstrate a basic ignorance of the law by urging the judge to grant probation even though ineligible to do so, and the facts of the case offer support for trial counsel's reasoning not to choose jury-determined punishment.

Although appellant was convicted solely of the charge of aggravated robbery, the crime was a particularly heinous one in which the assailant maliciously shot an innocent and unarmed third party in the back. Numerous eye-witnesses were available and willing to identify appellant in court as the perpetrator. Aggravated robbery is a first degree felony punishable by imprisonment for five to ninety-nine years or life and a fine of up to $10,000. TEX.PENAL CODE ANN. § 12.32 (Vernon Supp.1990) & § 29.03(b) (Vernon Supp.1990). Considering the circumstances of the crime, the range of the punishment available, and the strength of the State's case, counsel's advice to select court-assessed punishment was not unsound and did not result in an unfair sentence.

In a final argument for his point appellant contends that *Snow v. State*, 697 S.W.2d 663, 668 (Tex.App.—Houston [1st Dist.] 1985, pet. dism'd), parallels his cause and supports his right to a reversal. However, the court in *Snow* reversed the trial court's judgment because of trial counsel's failure to request an instruction to the jury on appellant's eligibility for probation. *Id.* Although we do not know the circumstances of the crime in *Snow*, the jury assessed punishment at only ten years confinement in the Texas Department of Corrections. *Id.* at 665. With appropriate instruction, a jury may consider probation only if the sentence assessed is ten years or less and the defendant has not previously been con-

victed of a felony. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12 § 4a (Vernon 1981). Snow had already opted for jury-assessed punishment and met all of the statutory requirements for probation if the jury had approved, yet the defendant's own lawyer asked the jury to send his client to prison based on his erroneous belief that his client was ineligible for probation. *Id.* at 668. Under such circumstances, trial counsel's conduct and his failure to request a jury instruction on probation unnecessarily deprived Snow of a viable option. Turcio's attorney did not urge the court to send his client to prison. Additionally, since Turcio did not elect to have the jury determine punishment, the question of an instruction is moot.

As in most causes that come before us, we have no documentation of the strategy which trial counsel advised his client to follow, nor do we have a record of appellant's wishes in pursuing his defense. Trial counsel may have felt from his previous court experience that, considering the odious nature of the crime, the judge would be more lenient in sentencing than would the jury. The application for probation, even though inappropriate, may have been a device to encourage sympathy from the judge. Although these suggestions are but speculations of trial counsel's plan of defense, to assume that counsel was unaware of the law on probation would similarly be mere conjecture.

When viewing the totality of appellant's representation, we do not find that his trial attorney's performance was inadequate. Although counsel might not have anticipated such a lengthy sentence from the judge, counsel's competency may not be judged by hindsight. *Cruz*, 739 S.W.2d at 58 (citing *Mercado v. State*, 615 S.W.2d 225 (Tex. Crim.App.1981)). Appellant's first point is overruled.

In his second point of error appellant claims the trial court erred in denying appellant's motion to suppress evidence obtained as a result of an illegal search and seizure. Appellant contends that officer Brooks, who arrested appellant subsequent to the shooting, did not have "specific artic-

ulable facts" to justify his detention of appellant. We disagree.

In determining probable cause for warrantless searches and seizures, courts must consider the totality of the circumstances. *Angulo v. State,* 727 S.W.2d 276, 278 (Tex.Crim.App.1987) (citing *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983)). Officer Brooks' detention of Turcio was based on appellant's suspicious conduct and a detailed description of the suspect involved in the shooting. Although the description Brooks relied upon was not based on his own personal observation, an officer may act upon reliable information relayed to him by other officers. *Fearance v. State,* 771 S.W.2d 486, 509 (Tex.Crim.App.1988), *cert. denied,* — U.S. —, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989) (citing *Tarpley v. State,* 565 S.W.2d 525, 529 (Tex.Crim.App. 1978)). Additionally, the sum of the information known to the cooperating officers at the time of an arrest or search by any of the officers involved is to be considered in determining whether there was sufficient probable cause. *Fearance,* 771 S.W.2d at 509; *Woodward v. State,* 668 S.W.2d 337, 334 (Tex.Crim.App.1982), *cert. denied,* 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).

The information upon which Brooks acted was more than adequate to identify appellant as a probable suspect and justify appellant's detention. Brooks' apprehension of Turcio was not random or arbitrary but was based on valid grounds. We therefore overrule appellant's second point.

In his final point of error appellant claims that the trial court erred in not requesting a presentence investigation before assessing punishment. Although article 42.12 section 9 of the Code of Criminal Procedure employs mandatory language in requiring a presentence investigation, *see* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 9 (Vernon Supp.1990), this court has previously concluded that in cases in which the trial judge assesses punishment, article 37.-07, rather than article 42.12, controls.

*Stewart v. State,* 732 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1987, no pet.).

Article 37.07 states:

When the judge assesses the punishment, he *may* order an investigative report as contemplated in Section 4 of Article 42.12 of this code and after considering the report, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.

TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(d) (Vernon Supp.1990) (emphasis added). This article makes it clear the judge's decision to order such a report is discretionary and optional. Therefore, the trial court did not err when it failed to order a presentence investigation.

Since appellant has failed to establish any error by the trial court, we affirm the trial court's judgment.