In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00242-CR


______________________________




JAMES ALBERT BUCHANAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 26,272-A




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 James Buchanan pleaded no contest, as part of a plea bargaining agreement, to the offense
of injury to a child. The punishment range was enhanced by a prior felony conviction. The trial
court deferred a finding of guilt and placed Buchanan on ten years' community supervision. Over
the next eleven months, the trial court twice modified the terms of Buchanan's community
supervision in response to motions from the State.

 About a month after the trial court entered its second modification order, the State filed a
motion to proceed to an adjudication of guilt, alleging that Buchanan committed eleven violations
of the terms of his community supervision. At the hearing, the State abandoned two of its
allegations. Buchanan pleaded true to seven of the allegations and not true to two of the allegations. 
In its judgment, the trial court found six of the State's allegations true, found Buchanan guilty of
injury to a child, and sentenced him to fifteen years' imprisonment.

 On appeal, Buchanan contends the trial court erred in failing to order preparation of a
presentence investigation (PSI) report. He also contends his fifteen-year sentence is disproportionate
to the offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2001) provides as
follows:

 Except as provided by Subsection (g) of this section, before the imposition of
sentence by a judge in a felony case . . . the judge shall direct a supervision officer
to report to the judge in writing on the circumstances of the offense with which the
defendant is charged, the amount of restitution necessary to adequately compensate
a victim of the offense, the criminal and social history of the defendant, and any other
information relating to the defendant or the offense requested by the judge. It is not
necessary that the report contain a sentencing recommendation, but the report must
contain a proposed client supervision plan describing programs and sanctions that the
community supervision and corrections department would provide the defendant if
the judge suspended the imposition of the sentence or granted deferred adjudication.


Tex. Code Crim. Proc. Ann. art. 42.12, § 9(g) (Vernon Supp. 2001) provides:

 Unless requested by the defendant, a judge is not required to direct an officer to
prepare a presentence report in a felony case under this section if: (1) punishment is
to be assessed by a jury; (2) the defendant is convicted of or enters a plea of guilty or
nolo contendere to capital murder; (3) the only available punishment is
imprisonment; or (4) the judge is informed that a plea bargain agreement exists,
under which the defendant agrees to a punishment of imprisonment, and the judge
intends to follow the agreement.


 In Whitelaw v. State, 29 S.W.3d 129, 129 (Tex. Crim. App. 2000), the Texas Court of
Criminal Appeals unanimously held that the trial court must order preparation of a PSI report in a
felony case when the defendant requests one. In so holding, the court disapproved of cases holding
that the trial court has discretion in such cases to order preparation of a PSI report. Id. at 134
(disapproving of Stancliff v. State, 852 S.W.2d 639, 640 (Tex. App.Houston [14th Dist.] 1993, pet.
ref'd), and Turcio v. State, 791 S.W.2d 188, 191 (Tex. App.Houston [14th Dist.] 1990, pet. ref'd)).

 As the language of Article 42.12, § 9 provides and Whitelaw makes clear, the general rule
is that the trial court must order a PSI report unless the exceptions in Section 9(g) apply. Even then,
if the defendant requests a PSI report, the trial court must order that one be prepared. Whitelaw v.
State, 29 S.W.3d at 132.

 In this case, neither Subsection 1 nor Subsection 2 of Article 42.12, § 9(g) applies to
Buchanan. His punishment was not set by a jury, and he was not convicted of, nor did he plead
guilty or no contest to, capital murder. Subsection 3 also does not apply because Buchanan remained
eligible for community supervision after the trial court found him guilty of injury to a child. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 3(a) (Vernon Supp. 2001). Subsection 4 does not apply
because a plea bargaining agreement "under which the defendant agrees to a punishment of
imprisonment" did not exist. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(g)(4). Thus, the trial
court was required to order preparation of a PSI report. 
 Error in failing to order the preparation of a PSI report is subject to a review for harm. (1) See
Whitelaw v. State, 29 S.W.3d at 132. Nonconstitutional error is harmless if it did not affect the
defendant's substantial rights. Tex. R. App. P. 44.2(b). A substantial right is affected when the error
had a substantial and injurious effect or influence on the verdict. King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997). If, on the record as a whole, it appears the error did not influence the
verdict, or had but a slight effect, we must consider the error harmless and allow the conviction to
stand. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

 As mentioned previously, a PSI report contains information about the circumstances of the
offense, the amount of restitution necessary, the criminal and social history of the defendant, any
other information relating to the defendant or the offense that is requested by the judge, and a
proposed client supervision plan describing programs and sanctions that the community supervision
and corrections department would provide the defendant if the judge suspended the imposition of
the sentence or granted deferred adjudication. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a).

 The record shows that Buchanan and his wife testified at the hearing. The same judge
presided at Buchanan's trial, ordered two modifications to the terms of his community supervision,
and adjudicated him guilty. Thus, the trial court was familiar with Buchanan, the circumstances of
the underlying offense, and the terms of community supervision available for Buchanan. On appeal,
Buchanan does not point to or even argue that there was any information unavailable to the trial court
that would have been included in a PSI report. Under these circumstances, we conclude that the trial
court's error in failing to order the preparation of a PSI report had no effect on the punishment
assessed and is harmless.

 Moreover, the error in failing to order a PSI report is waived if the defendant fails to object
to the failure or bring the failure to the trial court's attention. See Summers v. State, 942 S.W.2d 695
(Tex. App.-Houston [14th Dist.] 1997, no pet.); Wright v. State, 873 S.W.2d 77 (Tex. App.-Dallas
1994, pet. ref'd). Here, Buchanan did not object to the trial court's failure to order a PSI report or
bring it to the trial court's attention either at the hearing or in his motion for new trial. Thus, he
waived any complaint.

 Buchanan next contends his fifteen-year sentence is disproportionate to his offense. 
Buchanan was convicted of injury to a child which, under the facts of this case, is a third-degree
felony. Tex. Pen. Code Ann. § 22.04(f) (Vernon Supp. 2001). The punishment range was enhanced
to a second-degree felony because of  Buchanan's  prior  felony  conviction.  Tex. Pen. Code Ann.

§ 12.42(a)(3) (Vernon Supp. 2001). A second-degree felony is punishable by imprisonment for
between two and twenty years. Tex. Pen. Code Ann. § 12.33(a) (Vernon 1994). Thus, Buchanan's
fifteen-year sentence is five years below the maximum allowable punishment.

 Texas courts have traditionally held that as long as the punishment is within the range
prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. 
See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, in Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.Texarkana 1999, no pet.), we recognized that a prohibition
against grossly disproportionate punishment survives under the Eighth Amendment apart from any
consideration of whether the punishment assessed is within the range established by the Legislature. 
See also Latham v. State, 20 S.W.3d 63, 69 (Tex. App.Texarkana 2000, pet. ref'd).

 Our proportionality analysis under the Eighth Amendment is guided by (1) the gravity of the
offense and the harshness of the penalty; (2) the sentences imposed on other offenders in the same
jurisdiction; and (3) the sentences imposed for commission of the same offense in other jurisdictions. 
Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Only if we infer that the
sentence is grossly disproportionate to the offense will we then consider the remaining factors of the
Solem test and compare the sentence received by Buchanan to sentences for similar crimes in the
same jurisdiction and to sentences for the same crime in other jurisdictions. McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664-65 (Tex.
App.Texarkana 1995, pet. ref'd).

 Buchanan did not present this issue to the trial court; therefore, it is not preserved for our
review. Tex. R. App. P. 33.1(a); Jackson v. State, 989 S.W.2d at 844. Even if Buchanan's contention
was preserved, there is no evidence in the record comparing the sentences imposed on persons in
Texas and in other jurisdictions who committed a similar offense. See Latham v. State, 20 S.W.3d
at 69; Davis v. State, 905 S.W.2d at 664-65.

 


 

 The judgment is affirmed.

 


 William J. Cornelius

 Chief Justice


Date Submitted: November 5, 2001

Date Decided: December 11, 2001


Publish
1. Buchanan contends that in Jackson v. State, 989 S.W.2d 842, 846-47 (Tex. App.Texarkana
1999, no pet.), this Court imposed a requirement that an appellant show harm from the omission of
a PSI report. He further contends that Whitelaw v. State, 29 S.W.3d 129 (Tex. Crim. App. 2000),
overruled Jackson sub silentio.

 In Jackson, the trial court reviewed a PSI report before placing the defendant on deferred
adjudication community supervision. Jackson v. State, 989 S.W.2d at 843. On appeal from the
revocation of his community supervision, the defendant complained because the court reporter was
unable to provide a copy of the PSI report. Id. at 846. This Court held that the defendant failed to
preserve any substantive basis for affording him a new punishment hearing, but that even if he did,
he did not show under Tex. R. App. P. 34.6(f)(3) that the PSI report was necessary to resolve the
appeal. Id. at 846-47. We noted that the trial court relied on the PSI report in placing the defendant
on deferred adjudication community supervision, but did not rely on it in assessing his punishment
after revoking his community supervision. Id. at 847.

 Thus, the basis for our language in Jackson was the substantive requirement of Tex. R. App.
P. 34.6(f)(3). We did not say that the defendant must show harm from the failure of the trial court
to order preparation of a PSI report. Nevertheless, Whitelaw itself indicates that a court of appeals
must conduct a harm analysis when the trial court fails to order a PSI report. Whitelaw v. State, 29
S.W.3d at 132. This is not to say that the defendant has the burden of showing harm, only that harm
must appear from the record. See Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) ("[N]o
burden to show harm should be placed on the defendant who appeals.").