In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00010-CR


______________________________




DAVID PAEZ GONZALEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 183rd Judicial District Court


Harris County, Texas


Trial Court No. 739933




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 David Paez Gonzalez appeals the revocation of his deferred adjudication community
supervision. Gonzalez pled guilty, as part of a plea agreement, to burglary of a habitation
with intent to commit theft. The trial court deferred a finding of guilt and placed Gonzalez
on six years' community supervision. The State later filed a motion to adjudicate Gonzalez'
guilt, alleging he violated four of the terms of his supervision. Gonzalez pled not true to
each of the allegations. The trial court found the allegations true, found Gonzalez guilty,
and sentenced him to eighteen years' imprisonment.

 Gonzalez' attorney has filed an appellate brief in which she concludes that, after a
review of the record and the related law, the appeal is frivolous and without merit. She has
evaluated the record and has found no error that arguably supports an appeal. See
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991). Gonzalez did not file a response pro se.

 In her Anders brief, counsel raises the arguable issues that Gonzalez' original guilty
plea was not made knowingly and voluntarily, and that he did not receive effective
assistance of counsel at his trial. However, except in certain narrowly defined
circumstances, see Nix v. State, No. 793-00, 2001 WL 717453, at *1-2 (Tex. Crim. App.
June 27, 2001), if Gonzalez wished to appeal issues arising from the original plea
proceeding in an appeal taken from that proceeding, he must have done so at that time. 
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

 Nix addresses the void judgment exception, which recognizes there are some rare
situations in which a trial court's judgment is accorded no respect due to a complete lack
of power to render the judgment in question. Nix, 2001 WL 717453, at *2. The judgment
being a nullity, it can be attacked at any time. Id.

 We discern nothing in the record indicating the trial court was without power to
render judgment. Consequently, because Gonzalez waited until his community supervision
had been revoked and his adjudication of guilt formally made, this Court is without
jurisdiction to consider an appeal from the original plea proceedings. Manuel, 994 S.W.2d
at 662. In addition, Gonzalez may not raise issues regarding the proceeding at which his
adjudication of guilt was formally made. Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999); Cooper v. State, 2 S.W.3d 500, 502 (Tex. App.Texarkana 1999, pet.
ref'd).

 Gonzalez can appeal issues related to his sentencing. (1) Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2002). Gonzalez' eighteen-year sentence is within the
statutory range prescribed for burglary of a habitation with intent to commit theft. Tex. Pen.
Code Ann. § 12.33(a) (Vernon 1994), § 30.02(c)(2) (Vernon Supp. 2002). We therefore
discern no basis for holding the sentence disproportionate to the offense.

 The record also shows the trial court did not order preparation of a presentence
investigation (PSI) report. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp.
2002) provides as follows:

 Except as provided by Subsection (g) of this section, before the imposition
of sentence by a judge in a felony case . . . the judge shall direct a
supervision officer to report to the judge in writing on the circumstances of
the offense with which the defendant is charged, the amount of restitution
necessary to adequately compensate a victim of the offense, the criminal
and social history of the defendant, and any other information relating to the
defendant or the offense requested by the judge. It is not necessary that the
report contain a sentencing recommendation, but the report must contain a
proposed client supervision plan describing programs and sanctions that the
community supervision and corrections department would provide the
defendant if the judge suspended the imposition of the sentence or granted
deferred adjudication.


Tex. Code Crim. Proc. Ann. art. 42.12, § 9(g) (Vernon Supp. 2002) provides:

 (g) Unless requested by the defendant, a judge is not required to
direct an officer to prepare a presentence report in a felony case under this
section if: 


 (1) punishment is to be assessed by a jury; 


 (2) the defendant is convicted of or enters a plea of guilty
or nolo contendere to capital murder; 


 (3) the only available punishment is imprisonment; or 


 (4) the judge is informed that a plea bargain agreement
exists, under which the defendant agrees to a punishment of imprisonment,
and the judge intends to follow the agreement.


 In Whitelaw v. State, 29 S.W.3d 129, 129 (Tex. Crim. App. 2000), the Texas Court
of Criminal Appeals unanimously held the trial court must order preparation of a PSI report
in a felony case when the defendant requests one. In so holding, the court disapproved
of cases holding the trial court has discretion to order preparation of a PSI report. Id. at
134 (disapproving of Stancliff v. State, 852 S.W.2d 639, 640 (Tex. App.Houston [14th
Dist.] 1993, pet. ref'd), and Turcio v. State, 791 S.W.2d 188, 191 (Tex. App.Houston [14th
Dist.] 1990, pet. ref'd)).

 As the language of Article 42.12, § 9 provides and Whitelaw makes clear, the
general rule is the trial court must order a PSI report unless the exceptions in Section 9(g)
apply. Even then, if the defendant requests a PSI report, the trial court must order one
prepared. Whitelaw, 29 S.W.3d at 132.

 In the present case, neither Subsections 1 or 2 of Article 42.12, § 9(g) applies to
Gonzalez. He was not sentenced by a jury and he was not convicted of, nor did he plead
guilty or no contest to, capital murder. Subsection 3 also does not apply, as Gonzalez
remained eligible for "straight" community supervision after the trial court found him guilty. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 3(a) (Vernon Supp. 2002). Subsection 4
does not apply because a plea agreement, "under which the defendant agrees to a
punishment of imprisonment," did not exist. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(g)(4). Thus, Article 42.12, § 9 required the trial court to order preparation of a PSI
report.

 However, error in failing to order a PSI report is waived if the defendant fails to
object or bring the failure to the trial court's attention. Buchanan v. State,
No. 06-00-00242-CR, 2001 WL 1568892, at *3 (Tex. App.-Texarkana Dec. 11, 2001, no
pet.). Here, Gonzalez did not bring the error to the trial court's attention. Consequently,
the error is waived. We have otherwise reviewed the record from the sentencing portion
of the hearing and have found no arguable issues for appeal.

 The judgment is affirmed.


 Donald R. Ross

 Justice


Date Submitted: February 27, 2002

Date Decided: February 28, 2002


Do Not Publish

1. The Texas Court of Criminal Appeals has recently made it clear that courts of
appeals have jurisdiction to consider those appeals, notwithstanding the fact the defendant
originally pled guilty as part of a plea agreement and does not have the trial court's
permission, under Tex. R. App. P. 25.2(b)(3), to appeal issues related to his sentencing. 
Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001).